STATE v. CLEM J. WILSON, JR.

(Filed 4 November, 1959.)

**1. Criminal Law § 23—**

Defendant's plea of guilty is equivalent to conviction of the offense charged and no other proof of guilt is required, and after judgment has been pronounced thereon, defendant, upon withdrawal of his original counsel from the case, may not contend to the contrary in the absence of a motion for leave to withdraw the plea.

HIGGINS, J., not sitting.

APPEAL by defendant from *Olive, J.,* March Term, 1959, of FORSYTH.

Criminal prosecution on a two-count indictment charging (1) larceny and (2) receiving stolen goods in violation of G.S. 14-71. Each count related to described meat of the value of $225.28.

Defendant, represented by counsel, entered a plea of guilty to receiving stolen goods as charged in the second count. Thereupon, after hearing certain evidence relative to appropriate punishment, the court pronounced judgment imposing a sentence of eight months.

Judgment was pronounced on March 4, 1959. On March 6, 1959, these events occurred: (1) Original counsel was granted leave to withdraw as defendant's counsel. (2) Defendant excepted to the judgment and appealed.

*Attorney General Seawell and Assistant Attorney General Love for the State.*
*Hastings, Booe & Mitchell for defendant, appellant.*

PER CURIAM. While the evidence heard by the court, solely for the purpose stated above, showed defendant had received the meat from the same persons in a course of dealings, defendant asserts it shows he did not receive meat of a value in excess of $100.00 *at any one time.* His complaint seems to be that the court, *ex mero motu,* should have stricken out his plea of guilty and directed that defendant be prosecuted on multiple warrants charging separate offenses, each involving the receiving of stolen meat of a value less than $100.00.

Since the State, in the circumstances, had no reason to bring forward all available evidence, we do not consider whether the facts, if fully developed, were such as to warrant conviction of the offense charged. Suffice to say, defendant made no motion for leave to withdraw his plea of guilty nor does it appear that the contention now made was brought to the attention of the trial judge.

When defendant entered his plea of guilty he had full knowledge of all circumstances relating to his criminal conduct. Apparently defendant's original counsel was of opinion that the entry of the plea of guilty as charged was to defendant's advantage; and, in view of the judgment pronounced, we cannot say this was not the wiser course.

Defendant's plea of guilty was equivalent to a conviction of the offense charged and no other proof of guilt was required. Absent a motion for leave to withdraw such plea, the court properly pronounced judgment thereon.

Affirmed.

HIGGINS, J., not sitting.