STATE v. FRANKLIN D. WOODY.

(Filed 11 October, 1967.)

**1. Criminal Law § 23—**

A defendant, through counsel, may plead guilty to less degrees of the same crimes charged in the indictments against him, and the State may accept such pleas. G.S. 15-170.

**2. Criminal Law § 138—**

In sentencing a defendant upon his plea of guilty, it is not required that any evidence heard before the court before entering judgment be transcribed, since an appeal from the judgment will bring up for review only whether the facts charged, which defendant has himself admitted, constitute an offense punishable under the laws and the Constitution, and whether the sentence is within the punishment allowed for the offense.

**3. Criminal Law § 23—**

Defendant's counsel entered pleas of guilty upon his trial some three months after he had been bound over, and on the date, as an indigent, he had been appointed counsel by the court, with nothing in the record to show or suggest that defendant's attorney did not have ample time to prepare any defense defendant may have had, and it appeared that neither defendant nor his attorney requested the court to allow him more time to prepare his defense, the pleas of guilty being to mere misdemeanors upon indictments charging felonies. *Held:* The question of defendant's right to continuance not having been raised in the trial court, may not be raised on appeal in the Supreme Court.

**4. Attorney and Client § 3; Criminal Law § 23—**

Generally speaking, the legal profession is composed of honorable men who are fair and candid in their dealings with the court, and it will be presumed, nothing else. appearing, that an attorney in entering pleas of. guilty to misdemeanors on charges of felonies was duly authorized to do so by his client, and a defendant will not be allowed to contend for the first time on appeal that his attorney was without authority to enter the pleas of guilty.

**5. Criminal Law § 134—**

On defendant's pleas of guilty to non-felonious breaking and entering and non-felonious larceny, judgment that the defendant be imprisoned for

a term not less than two years, with recommendation that he be assigned under the work-release program, is not ambiguous, it being apparent that the court consolidated the two pleas for a single judgment, and that the judgment on the consolidated pleas was definite and certain.

APPEAL by defendant from *Brock, S.J.*, 8 May 1967 Special Criminal Session of CLEVELAND.

Criminal prosecution on an indictment with two counts: The first count charges the defendant on the 26th day of December, 1966, with feloniously breaking and entering a certain storehouse and building occupied by The Stamey Company, Inc., a corporation, with intent to take, steal, and carry away the chattels, money, valuable securities, and other personal property therein, a felony and a violation of G.S. 14-54; the second count in the indictment charges the defendant on the same date and in the same place, after having feloniously broken and entered a storehouse and building occupied by The Stamey Company, Inc., a corporation, with the larceny of property of said corporation in the said building, a felony, *S. v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91.

The defendant was an indigent and upon his request the court appointed J. A. West, a member of the Cleveland County Bar, to represent him in said trial.

When the case was called for trial, the defendant by his court-appointed attorney entered a plea of guilty of non-felonious breaking and entering and guilty of non-felonious larceny, both offenses being misdemeanors, G.S. 14-54 and G.S. 14-72, which plea the solicitor for the State accepted.

From a judgment upon the two counts that the defendant be imprisoned for a term of not less than two years, with a recommendation of the court that the defendant be granted the privilege of serving the sentence under the work-release program as provided by law, he appeals.

*Attorney General T. W. Bruton, Assistant Attorney General George A. Goodwyn, and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*J. A. West for defendant appellant.*

PARKER, C.J. Defendant through his counsel pleaded guilty to a less degree of the same crimes charged in the indictment against him, which plea was accepted by the State. This is authorized by G.S. 15-170 and cases cited thereunder.

Defendant insisted that his case be appealed to the Supreme Court. Upon his request the same counsel was appointed by the

court to represent him on the appeal, and the record in the case and his brief were mimeographed in the same fashion as if he were the richest man in the State, at the expense of the taxpayers.

The record states that evidence was offered by both the State and the defendant, but it was not taken down by the court reporter. The defendant on appeal assigns that as error. This assignment of error is overruled.

Defendant did not ask that the evidence be taken down. In *S. v. Perry,* 265 N.C. 517, 144 S.E. 2d 591, the Court said:

> "This is said in 21 Am. Jur. 2d, Criminal Law, § 495, p. 484: 'By a plea of guilty a defendant waives the right to trial and the incidents thereof, and the constitutional guaranties with respect to the conduct of criminal prosecutions.' To the same effect, 22 C.J.S., Criminal Law, § 424(6). In *S. v. Wilson, supra* [251 N.C. 174, 110 S.E. 2d 813] it is said: 'Defendant's plea of guilty was equivalent to a conviction of the offense charged, and no other proof of guilt was required.' *S. v. Smith,* 265 N.C. 173, 143 S.E. 2d 293, quotes *S. v. Warren,* 113 N.C. 683, 684, 18 S.E. 498, 498, as follows: 'The defendant having pleaded guilty, his appeal could not call in question the facts charged, nor the regularity and correctness in form of the warrant. * * * The appeal could only bring up for review the question whether the facts charged, and of which the defendant admitted himself to have been guilty, constitute an offense punishable under the laws and constitution.' To the same effect, 5 Wharton's Criminal Law and Procedure (Anderson Ed. 1957), § 2247, p. 498."

See also *S. v. Caldwell,* 269 N.C. 521, 153 S.E. 2d 34.

In addition, if hereafter it should become necessary for the evidence to be reproduced, it can be made up from the testimony of the witnesses who testified in the trial. See *S. v. Roux,* 263 N.C. 149, 139 S.E. 3d 189; *Griffin v. Illinois,* 351 U.S. 12, 100 L. Ed. 891, 55 A.L.R. 2d 1055 (1956).

Defendant's first assignment of error is: "The act of the State in accepting the defendant's guilty plea offered by his Court-appointed attorney without allowing sufficient time to prepare a defense, and without ascertaining whether or not the defendant personally wished to enter such a plea."

The record shows the following facts: On 26 December 1966 K. Wilbur Costner, a justice of the peace in Cleveland County, issued a warrant for the arrest of the defendant charging him with the same offenses set forth in the indictment in the case, except that the second count in the warrant charged defendant with the larceny of

the goods and chattels of The Stamey Company of the value of less than $100 and did not charge that the larceny was committed after a felonious breaking and entering into the building. The defendant was bound over by the recorder's court of Cleveland County to the Superior Court of Cleveland County on said warrant. At the 8 May 1967 Special Criminal Session of Cleveland, an indictment was returned a true bill by the grand jury of Cleveland County. On 8 May 1967 defendant filed with the Superior Court an affidavit that he was an indigent, and on the same day the Honorable Walter E. Brock, judge presiding, appointed J. A. West of the Cleveland County Bar to represent him. On the same day, to wit, 8 May 1967, the defendant entered a plea as set forth above. There is nothing in the record to show or to suggest that defendant's attorney did not have ample time to prepare any defense defendant may have had. The question was not raised at the trial. Neither defendant nor his attorney requested the court to allow him more time to prepare his defense. If either had done so, we are confident that the learned and experienced trial judge would have given them such permission. What is said in S. v. Hodge, 267 N.C. 238, 147 S.E. 2d 881, is relevant here:

"The four hours during which Messrs. Eudy and Burke (the defendants' attorneys) had access to their court-appointed clients most probably would not have been sufficient time in which to prepare a contested case for trial. Prima facie, however, it was sufficient time for defendants to decide whether they should enter a plea or contest the charges. They themselves had had two and a half months to consider the matter. The record is devoid of any suggestion that defendants needed more time either to prepare a defense or to present evidence in mitigation of punishment. They did not ask for a continuance, nor do they now contend that one would have profited them. Counsel for a defendant 'caught in the act' or against whom the State has an 'air-tight case' has no duty to advise him against entering a plea of guilty merely to delay the day of judgment. Frequently such advice would be a great disservice to the defendant, for trial judges are often inclined to reward the truth, which they consider the best evidence of repentance. Furthermore, time spent in jail awaiting trial will not be credited on the sentence imposed and need not be considered by the judge in fixing his punishment."

There is no merit in the assignment of error that the act of the State in accepting the defendant's guilty plea offered by his court-

appointed attorney did not allow him sufficient time to prepare a defense.

There is nothing in the record to indicate or suggest that defendant was young and inexperienced, or that he did not understand and consent to the entry of the plea of guilty of lesser offenses. Defendant was tried on an indictment containing two counts. If he had been found guilty as charged, the court could have imposed a maximum sentence of 10 years on each count, amounting to 20 years. The State accepted his plea of guilty to the above-stated misdemeanors which would have allowed the court to impose a maximum sentence of two years on each count, amounting to only four years.

This Court would find itself under an avalanche of frivolous appeals from criminal convictions if it were to allow a defendant to attack for the first time in an appellate court his own plea of guilty entered by and through the advice and assistance of competent counsel, when this attack is made simply because the trial court saw no need to examine him for the purpose of ascertaining whether he actually intended to plead guilty originally and whether he still freely assents thereto. Though it is a good practice and it would be considered proper in all respects, it is not a prerequisite to the sustaining of a conviction based upon a guilty plea that the trial judge so examine the defendant because it is to be presumed that no honorable lawyer would enter such a plea in behalf of his client unless the client authorized him to do so. Generally speaking, the legal profession is composed of honorable men who are fair and candid in their dealings with the court. Defendant's first assignment of error is overruled.

Nevertheless, due to the ever-increasing burden placed upon this Court to rule upon the countless petitions for a review of the constitutionality of criminal convictions, it would be well, though not mandatory, for every trial judge in this State to interrogate, as most of our trial judges do, every defendant who enters a plea of guilty in order to be sure that he has freely, voluntarily and intelligently consented to and authorized the entry of such plea. However, we wish to make it clear that any failure on the part of the trial judge to follow this recommended procedure in cases of this nature would not be fatal to the conviction. The members of the Bar have a particular interest in encouraging the continuance of this practice because many of these petitions for post conviction review or for a writ of *habeas corpus* include, as a last resort when all other possible grounds for relief have been exhausted, an attack upon the court-appointed counsel in the form of an assertion that the guilty plea was entered without the consent and authorization of the defendant. Petitions setting forth claims of this nature are in most

cases filed by hardened criminals with lengthy records and are no more than an attempt by such individuals to get the attention of the appellate courts and exploit the absolute right of appeal which is furnished them at the expense of the State. The upshot of such petitions is that the court-appointed counsel is practically placed on trial himself and is required to appear in a State or Federal court to answer charges. The result is that many competent lawyers are reluctant to appear in behalf of criminal defendants and will only do so under the compulsion of an appointment by the court because of the embarrassment likely to be produced by such post conviction review proceedings. Frequently, when a competent attorney has employed with diligence every honorable means at his disposal in the representation and defense of his client both in the court below and on appeal, the only gratitude which he receives is that the defendant as a last resort attacks his professional competency and integrity. Most often, such an attack has no basis in fact or in law and is tending to cast the administration of the criminal law into disrepute.

Defendant assigns as error that the sentence is ambiguous. This assignment of error is overruled. It is manifest that the court consolidated the two pleas of guilty for one judgment, and the judgment is imprisonment for a term of not less than two years, which means that at the expiration of the one sentence, giving the defendant the benefit of any good time he may have earned, the defendant will be released. In addition to that, the court extended mercy to the defendant in recommending that he be granted the privilege of serving the sentence under the work-release program.

This is another example of frivolous appeals, without merit, taken by indigent defendants simply because they have the absolute right of appeal and it does not cost them anything. Such abuse of the right of appeal by indigent defendants is costing the taxpayers of this State more to pay lawyers to represent them and to pay for mimeographing their cases on appeal and the briefs of their counsel than it costs the State to prosecute them. No wonder there is in our midst a nationwide growth of contempt for law and order which is plaguing our present-day society.

Defendant's plea of guilty amply supports the judgment of the court. No error of law appears on the face of the record proper. In the trial below we find

No error.