STATE OF NORTH CAROLINA. v. CHARLES FRANKLIN ABERNATHY.

(Filed 10 July 1968.)

**1. Criminal Law § 23—**
    Although it is a good practice and would be considered proper in all respects, it is not a prerequisite to the sustaining of a conviction based upon a guilty plea that the trial judge examine defendant for the purpose of ascertaining if the plea was voluntarily made, and it will be presumed, nothing else appearing, that an attorney in entering a plea of guilty was duly authorized to do so by his client.

**2. Constitutional Law § 36—**
    Sentences of imprisonment within the statutory limits are constitutional.

APPEAL by defendant from *Snepp, J.,* 25 March 1968 Session of GASTON Superior Court.

By a bill of indictment, proper in form, defendant was charged with feloniously breaking and entering the Carr Elementary School Building in the Town of Dallas, North Carolina, on 6 December 1967, with the intent to commit the felony of larceny therein. This was in Case No. 67-909. In another indictment in Case No. 67-321, the defendant was charged with wilfully, maliciously and unlawfully committing the offense of an escape from the custody of city police officers, C. L. Heffner and F. B. Childers while being transferred from the Gastonia Municipal Court in Gastonia to the Gaston County Jail on 23 March 1967, in violation of G.S. 14-256.

Defendant with his attorney appeared before Judge Snepp and with the consent of the solicitor pleaded guilty to non-felonious breaking and entering and, likewise, pleaded guilty to an escape in violation of G.S. 14-256.

On the breaking and entering charge, defendant was given an active prison sentence of two years; on the escape charge he was

given an active prison sentence of two years, this sentence to commence at the expiration of the sentence imposed in the breaking and entering charge.

From the judgments imposing said sentences, defendant appealed.

*Thomas Wade Bruton, Attorney General, Andrew McDaniel, Assistant Attorney General, and Charles W. Wilkinson, Jr., Staff Attorney, for the State.*

*J. Ralph Phillips, Attorney for defendant appellant.*

CAMPBELL, J. The defendant assigns as error the fact that the trial judge accepted pleas of guilty through the defendant's privately employed counsel and did not inquire of the defendant personally if his pleas were voluntarily made, if he understood what he was doing, and if he authorized his counsel to enter the pleas in his behalf.

Chief Justice Parker in *State v. Woody,* 271 N.C. 544, 548, 157 S.E. 2d 108, stated:

"This Court would find itself under an avalanche of frivolous appeals from criminal convictions if it were to allow a defendant to attack for the first time in an appellate court his own plea of guilty entered by and through the advice and assistance of competent counsel, when this attack is made simply because the trial court saw no need to examine him for the purpose of ascertaining whether he actually intended to plead guilty originally and whether he still freely assents thereto. Though it is a good practice and it would be considered proper in all respects, it is not a prerequisite to the sustaining of a conviction based upon a guilty plea that the trial judge so examine the defendant because it is to be presumed that no honorable lawyer would enter such a plea in behalf of his client unless the client authorized him to do so. Generally speaking, the legal profession is composed of honorable men who are fair and candid in their dealings with the court."

The sentences imposed by Judge Snepp were within the statutory limits and did not violate any provision of the Federal or State Constitutions.

The judgments of the Superior Court are
Affirmed.

BRITT and MORRIS, JJ., concur.