STATE v. WILLIE LEWIS MILLER
No. 6826SC453

(Filed 11 December 1968)

**Criminal Law § 23— plea of guilty — inquiry by trial court**

The fact that trial court accepted plea of guilty tendered in open court by defendant's attorney without inquiring of the defendant personally if his plea was voluntarily made, etc., does not constitute error.

APPEAL by defendant from *Grist, J.,* 25 June 1968 Schedule "C" Criminal Session, MECKLENBURG County Superior Court.

The defendant was charged in a warrant with the misdemeanor of an escape on 22 May 1968 while serving a misdemeanor sentence imposed 17 May 1968. He was tried and convicted in the Mecklenburg County Recorder's Court, and a six months sentence was imposed. He appealed to the superior court, where, through his attorney, a plea of guilty was tendered. Before the imposition of sentence and at the request of his counsel, the defendant was permitted to testify in detail about his escape and the reason for escaping. From the imposition of a six months sentence to be served at the expiration of the sentence he was then serving, the defendant appealed.

*T. W. Bruton, Attorney General, and Ralph Moody, Deputy Attorney General, for the State.*

*W. Herbert Brown, Jr., Attorney for defendant appellant.*

STATE *v.* LYNCH

CAMPBELL, J.

The only assignment of error is the fact that the trial judge accepted a plea of guilty tendered in open court by the defendant's attorney without inquiring of the defendant personally if his plea was voluntarily made, if he understood what he was doing and if he authorized his attorney to enter this plea in his behalf. There is no contention that the plea was not voluntarily made, that the defendant did not understand what he was doing when the plea was entered, or that his attorney was not authorized to enter such a plea. This same question has been before this Court and it would be an exercise in futility to discuss it again.

On the authority of *State v. Abernathy,* 1 N.C. App. 625, 162 S.E. 2d 114, the judgment of the superior court is

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.