STATE OF NORTH CAROLINA v. SIDNEY WILLIAM RAY, JR.

No. 6914SC506

(Filed 31 December 1969)

1. **Criminal Law § 23— plea of guilty — inquiry by trial court**

    The fact that the trial court accepted defendant's plea of guilty without first inquiring of the defendant if he knew the possible consequences of his plea, etc., does not constitute error.

2. **Criminal Law § 146— appeal from plea of guilty — scope of review**

    Where defendant enters a plea of guilty, his appeal presents for review only whether error appears on the face of the record proper.

3. **Criminal Law § 127— motion in arrest of judgment — defect on face of record**

    A judgment in a criminal prosecution may be arrested on motion duly made when, and only when, some fatal error or defect appears on the face of the record proper.

4. **Criminal Law § 127— motion in arrest of judgment**

    Defects which appear only by aid of the evidence cannot be the subject of a motion in arrest of judgment.

**5. Criminal Law §§ 18, 127— jurisdiction of superior court — appeal from district court — arrest of judgment**

Defendant's motion in arrest of judgment in the superior court on the ground that more than 10 days had elapsed from the date of his trial in the district court until the time of his appeal to the superior court and that the superior court consequently had no jurisdiction of the case, *held* properly denied, where the date of the appeal entry in the district court is missing and the record does not otherwise show on its face that the notice of appeal was not given in apt time.

APPEAL by defendant from *Ragsdale, S.J.,* 9 May 1969 Session, DURHAM Superior Court.

On 19 June 1968 defendant was charged with operating a motor vehicle on the public highways of the State of North Carolina at a speed of 75 miles per hour in a 55 miles per hour zone.

The defendant was tried in district court on 12 September 1968, was found guilty and was fined $15.00 and costs. Upon his request, the defendant was given until the next day to comply with the judgment. The defendant not having complied with the judgment, on 20 September 1968 a capias was issued from the district court and bond set at $100.00. There was also an appeal bond of $100.00 for defendant's appearance in superior court, the bond being signed on 24 September 1969.

Upon his appeal to the superior court, the defendant in person and through his privately employed counsel tendered a plea of guilty of speeding 65 miles per hour in a 55 miles per hour zone, which plea was accepted by the State. He received a jail sentence of 15 days which was to be served on five successive weekends from 6:00 p.m. on Friday until 7:00 a.m. on Monday, and was ordered to pay the costs of the action. Thereafter the defendant made a motion in arrest of judgment contending that the case was one properly for the district court in that more than 10 days had elapsed from the date of his trial in district court until the time of his appeal to the superior court and that the superior court was therefore without jurisdiction.

The motion being denied, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Arthur Vann for defendant appellant.*

VAUGHN, J.

**[1]** The defendant brings forward two assignments of error by this appeal, the first being that the superior court erred in accept-

ing the defendant's plea of guilty and in thereafter sentencing the defendant to an active jail sentence without first inquiring from the defendant if he knew the possible consequences of his plea and whether he had understandingly and knowingly entered the plea. The defendant did not make a motion to withdraw his plea of guilty in the superior court. Motions of such character are addressed to the sound discretion of the trial court. *State v. Morris*, 2 N.C. App. 611, 163 S.E. 2d 539. There is no contention that the plea was not voluntarily made, that the defendant did not understand what he was doing when the plea was entered, or that his attorney was not authorized to enter such a plea. It is to be noted that defendant is represented on the appeal by the same competent attorney whom he consulted after receiving the citation on 19 June 1968, and who represented him in the superior court. On the authority of *State v. Woody*, 271 N.C. 544, 157 S.E. 2d 108; *State v. Abernathy*, 1 N.C. App. 625, 162 S.E. 2d 114; and *State v. Miller*, 3 N.C. App. 227, 164 S.E. 2d 406, this assignment of error is overruled.

The defendant's remaining assignment of error is the denial of his motion in arrest of judgment, the defendant contending that notice of appeal from his trial in the district court on 12 September 1968 was not given until 24 September 1968.

[2-4] Where the defendant enters a plea of guilty his appeal presents for review only whether error appears on the face of the record proper. *State v. Dawson*, 268 N.C. 603, 151 S.E. 2d 203. A judgment in a criminal prosecution may be arrested on motion duly made when, and only when, some fatal error or defect appears on the face of the record proper. Defects which appear only by aid of the evidence cannot be the subject of a motion in arrest of judgment. 3 Strong, N.C. Index 2d, Criminal Law, § 127, p. 43.

[5] The record does not show on its face that notice of appeal from the district court was not given in apt time. The record does disclose the following. A warrant was duly issued and was returned before the District Court of Durham County. The warrant charged a criminal offense. The defendant was tried thereon, found guilty and judgment was duly pronounced. The defendant appealed and posted bond for his appearance in the Superior Court of Durham County, where the case was docketed for trial. This gave the superior court jurisdiction and the right to proceed to trial on the original warrant. *State v. Sloan*, 238 N.C. 672, 78 S.E. 2d 738. In the present case only the date of the appeal entry is missing. In *State v. Hill*, 223 N.C. 753, 28 S.E. 2d 99, the record proper did not show any appeal entries in the municipal court. In that case, the Attorney General's

motion to dismiss the appeal for lack of jurisdiction was denied because it appeared from the record that the action originated in the municipal court and on appeal was tried in the superior court. A similar result was reached in *State v. Hall*, 267 N.C. 90, 147 S.E. 2d 548. The defendant's motion in arrest of judgment was properly denied.

No error.

BROCK and BRITT, JJ., concur.