STATE OF NORTH CAROLINA v. MARY MacKAY EDWARDS

No. 7010SC430

(Filed 21 October 1970)

Automobiles §§ 120, 129— drunken driving prosecution — erroneous definition of under the influence

> In a drunken driving prosecution, the trial court's instruction that a person is under the influence of intoxicants if he has consumed a sufficient amount to make him think or act differently than he otherwise would have done, regardless of the amount that he consumed, and that one is under the influence if his mind and muscles do not normally coordinate or if he is abnormal in any degree, *held* reversible error.

APPEAL by defendant from *Bailey, J.,* 16 March 1970 Session, WAKE Superior Court.

Defendant was tried upon a warrant in District Court and found guilty of operating a motor vehicle upon a public highway on 9 December 1969 while under the influence of intoxicating liquor in violation of G.S. 20-138. She appealed to the Superior Court where she was tried *de novo* upon the warrant. From a jury verdict of guilty and judgment of confinement entered thereon, defendant appealed to this Court.

*Attorney General Morgan by Assistant Attorney General Costen, for the State.*

*Hubert H. Senter for defendant.*

BROCK, Judge.

Defendant assigns as error the portion of the instructions to the jury which defines the term "under the influence." The able and learned trial judge properly defined the term for the jury, but he then proceeded to define it again as follows:

> "A person is under the influence of intoxicants if he has consumed a sufficient amount to make him or her think or act differently than he otherwise would have done, regardless of what the amount was that he consumed. One is under the influence if his mind and muscles do not normally coordinate, or if he is abnormal in any degree from the consumption of intoxicants."

The foregoing instruction was error and we are not at liberty to speculate that the jury accepted and applied the correct definition.

New trial.

Judges MORRIS and GRAHAM concur.