STATE OF NORTH CAROLINA v. ROBERT EDWARD HARRIS

No. 7114SC220

(Filed 31 March 1971)

1. Criminal Law § 159— record on appeal — chronological order of proceedings

The proceedings in a case must be set forth in the record on appeal in the order of time in which they occurred. Court of Appeals Rule 19(a).

2. Criminal Law § 159— appeal from misdemeanor trial — arrangement of record on appeal

Chronological arrangement of the record on appeal in an appeal from the normal trial of a misdemeanor is outlined by the Court of Appeals.

3. **Criminal Law § 157— record on appeal — disposition of case in district court — appeal to superior court**

The record on appeal must show the disposition of the cases in the district court and an appeal therefrom to the superior court where the district court had exclusive original jurisdiction of each of the misdemeanors with which defendant was charged, since the superior court had no jurisdiction to try defendant for such offenses except upon an appeal from the district court.

4. **Solicitors— record on appeal — disposition of case in district court — appeal to superior court — duty of solicitors**

Where the district court has exclusive original jurisdiction of the offense with which defendant was charged, the solicitor has a duty to make certain that the record on appeal shows the disposition of the case in the district court and an appeal to the superior court.

5. **Automobiles §§ 120, 129— drunken driving prosecution — erroneous definition of under the influence**

In a drunken driving prosecution, the trial court's instruction that a person is under the influence of intoxicants if he has consumed a sufficient amount to make him think or act differently than he otherwise would have done, regardless of the amount, and that one is under the influence if his mind and muscles do not normally coordinate or if he is abnormal in any degree from intoxicants, *held* prejudicial error.

6. **Automobiles § 3— driving while license is permanently revoked — instructions**

The trial court erred in failing to require the jury to find beyond a reasonable doubt that defendant operated a motor vehicle *upon a public highway* while his operator's license was permanently revoked in order to find defendant guilty of a violation of G.S. 20-28(b).

7. **Criminal Law § 23— guilty plea — failure of record to show voluntariness**

Defendant is entitled to have his pleas of guilty vacated and to replead to the charges against him where the record fails to show affirmatively that defendant was aware of the consequences of his pleas of guilty and that his pleas were voluntarily and understandingly entered.

8. **Criminal Law § 145.1— probation**

Order revoking defendant's probation is set aside where it was based solely on pleas of guilty which have been vacated on appeal.

APPEAL by defendant from *Godwin, Judge of Superior Court,* 12 October 1970 Session, DURHAM Superior Court.

Defendant was charged in four warrants with the commission of two offenses on each of two different days.

In 70CR10999 he was charged with operating a motor vehicle on the public highways on 14 June 1970 while under the influence of intoxicating beverages (G.S. 20-138). In 70CR10957 he was charged with operating a motor vehicle on the public highways on 14 June 1970 while his operator's license was permanently revoked (G.S. 20-28(b)). These two charges will be referred to as the 14 June 1970 charges.

In 70CR12753 he was charged with operating a motor vehicle on the public highways on 12 July 1970 while under the influence of intoxicating beverages (G.S. 20-138). In 70CR12754 he was charged with operating a motor vehicle on the public highways on 12 July 1970 while his operator's license was permanently revoked (G.S. 20-28(b)). These two charges will be referred to as the 12 July 1970 charges.

At the 22 June 1970 Session of Durham Superior Court, well before the above four charges reached the Superior Court, defendant appeared before Judge Canaday upon a plea of guilty to a charge of driving while license revoked (G.S. 20-28(a)). Judge Canaday entered a judgment of confinement for a period of six months, but suspended the confinement and placed defendant on probation for a period of two years. This is the probation which was later revoked by Judge Godwin upon the basis of the two "12 July 1970 charges" noted above.

The two "14 June 1970 charges" and the two "12 July 1970 charges" were tried in the Durham County District Court on 20 August 1970 upon defendant's pleas of not guilty. Verdicts of guilty were entered upon each of the four charges and defendant appealed to the Superior Court where he was brought to trial *de novo* upon the original warrants.

Defendant was first arraigned upon the two "14 June 1970 charges," cases numbers 70CR10999 and 70CR10957, to which he entered pleas of not guilty. He was tried by jury and found guilty as charged in each of the two "14 June 1970 charges." The cases were consolidated for judgment and a single judgment of confinement for a period of two years was entered.

Thereafter defendant was arraigned upon the two "12 July 1970 charges," 70CR12753 and 70CR12754 to which he entered pleas of guilty. Judgment of confinement for a period of two years was entered upon the pleas of guilty, and was specified to commence at the expiration of the two-year sentence imposed

in 70CR10999 and 70CR10957 (the two "14 June 1970 charges").

Thereafter defendant was brought before Judge Godwin upon an allegation of violation of the terms of his probation imposed by Judge Canaday. Upon the basis of defendant's pleas of guilty in cases 70CR12753 and 70CR12754 (the two "12 July 1970 charges") Judge Godwin found that defendant had wilfully violated the terms of the probationary sentence, and ordered that probation be revoked and commitment issued to place the six-month sentence, previously suspended, into effect.

Defendant gave notice of appeal within apt time and Judge Bickett, upon finding that defendant was indigent, appointed present counsel to perfect the appeal to this Court. Defendant was not represented by counsel in the trial court.

*Attorney General Morgan by Assistant Attorney General Costen for the State.*

*Spaulding & Loflin by Thomas F. Loflin III for the defendant.*

BROCK, Judge.

[1] Defendant's exceptions and assignments of error are lost in the confusion of the Record on Appeal which was filed in this case. Counsel could have, and should have, prepared the Record on Appeal to assist this Court in following his contentions and arguments, but he has thrown the record haphazardly together with little semblance of continuity. Our Rule 19(a) clearly provides that the Record on Appeal shall set forth the proceedings in the case in the order of the time in which they occurred. It is true that appellate counsel in this case is court-appointed, but that does not excuse a disregard of our Rules. The Rules of Practice are mandatory and a failure to comply with them subjects the appeal to dismissal by this Court *ex mero motu.*

For example, the Record on Appeal in this case is arranged partially in the following sequence: (1) Plea, judgment, and commitment dated 9 October 1970; (2) Appeal entries dated 14 October 1970; (3) order dated 12 January 1971 allowing extension of time to docket; (4) a recitation of some proceedings in court on 5 October 1970 and on 6 October 1970; (5)

State v. Harris

the State's evidence and the charge of the Court, presumably at the 12 October 1970 Session, since the Record on Appeal says it is an appeal from the 12 October 1970 Session; (6) a recitation of some proceedings in court on 7 October 1970, on 9 October 1970, and on 14 October 1970; and (7) a transcript of proceedings in court on 17 September 1970.

[2] It seems to us that the requirement that the proceedings be set forth in the order of the time in which they occurred should not cause confusion. For example, in an appeal from the normal trial of a misdemeanor charge, the Record on Appeal should be chronologically arranged as follows:

   (1)  Organization and session of Superior Court
   (2)  Warrant, showing service
   (3)  Judgment in District Court
   (4)  Entry of Appeal to Superior Court
   (5)  Bill of Indictment (if not tried on original warrant)
   (6)  Arraignment and plea in Superior Court
   (7)  State's evidence
   (8)  Defendant's evidence
   (9)  Charge of the Court (if exceptions taken)
 (10)  Verdict
 (11)  Judgment and commitment
 (12)  Appeal entries
 (13)  Assignments of error
 (14)  Evidence of service
 (15)  Signature, address and telephone number of counsel for appellant
 (16)  Certification by the Clerk of Superior Court

If other documents or proceedings exist which are deemed necessary for an understanding of the questions raised on appeal, they should be inserted in the Record on Appeal in the order of the time in which they occurred.

With the Record on Appeal arranged as above outlined it is a simple matter for the members of this Court to follow the pre-trial, trial, and post-trial proceedings without the danger of overlooking an important item. And surely it is just as simple for appellate counsel to arrange the Record on Appeal as above

outlined. It seems to us that it would help assure counsel that he has not omitted an important item.

[3, 4]   Aside from the misarrangement of the Record on Appeal, some of which is outlined above, counsel completely omitted the record of disposition of the cases in the District Court. The Attorney General filed a motion suggesting a diminution of the record and asking that the proceedings in the District Court be added to the Record on Appeal. In response to the Attorney General's motion, counsel for defendant filed answer objecting to the proceedings in the District Court being made a part of the Record on Appeal, arguing that defendant was entitled to a trial *de novo* in the Superior Court "without prejudice from the former proceedings . . . " This argument is, of course, completely without merit. The necessity for the Record on Appeal to show the proceedings in the District Court is compelling; the District Court has exclusive original jurisdiction of each of the offenses with which defendant was charged, and the Superior Court had no jurisdiction to try defendant except after a disposition in the District Court and an appeal to Superior Court. The Solicitors of the several districts would do well to make certain that the fact of a disposition, in the District Court, and an appeal to Superior Court is always shown in the Record on Appeal. The Solicitors' duty does not end with the trial of the case; they have the duty to make certain the Record on Appeal presents an accurate record of the proceeding; in the absence of agreement a solicitor should file exceptions and have the judge settle the matter.

Enough concerning the deficiencies of the Record on Appeal in this case.

The "14 June 1970 charges," 70CR10999 and 70CR10957, to which defendant entered pleas of not guilty, were tried by jury.

[5]   In charging the jury in 70CR10999, the charge of operating a motor vehicle on the public highways while under the influence of alcohol, the trial judge instructed the jury: "A person would be under the influence of intoxicants if he had drunk a sufficient amount to make him think or act differently than he would otherwise have done, regardless of the amount, and he would be under the influence if his mind and muscles did not normally coordinate, or if he was abnormal in any degree from intoxicants."

This type instruction was held to be erroneous in *State v. Hairr*, 244 N.C. 506, 94 S.E. 2d 472, and the language approved in *State v. Carroll*, 226 N.C. 237, 37 S.E. 2d 688, has been approved consistently. Only minor variations from the language of *Carroll* have been allowed. *State v. Bledsoe*, 6 N.C. App. 195, 169 S.E. 2d 520. Language almost identical to that used by the trial judge in the present case was held to constitute prejudicial error in *State v. Edwards*, 9 N.C. App. 602, 176 S.E. 2d 874, and again in *State v. Beasley*, 10 N.C. App. 663, 179 S.E. 2d 820 (filed 31 March 1971 concurrently with the filing of this opinion). We think it fair to state that the trial judge properly defined the term "under the influence" as approved in our decisions and those of our Supreme Court, but, as we have stated, we are not at liberty to speculate whether the jury applied the correct or incorrect definition.

[6]   In charging the jury in 70CR10957, the charge of operating a motor vehicle on the public highways while his license was permanently revoked, the trial judge failed to require the jury to find beyond a reasonable doubt that defendant operated a motor vehicle *upon a public highway* while his operator's license was permanently revoked. This failure we hold to be prejudicial error.

Because of the error in the instructions to the jury as to each offense defendant is entitled to a new trial in case 70CR10999 and case 70CR10957.

When defendant was arraigned on the two "12 July 1970 charges," 70CR12753 (operating a motor vehicle on the public highways while under the influence of intoxicating beverages) and 70CR12754 (operating a motor vehicle on the public highways while his operator's license was permanently revoked), he entered pleas of guilty. The Record fails to disclose affirmatively that Judge Godwin explained to defendant the consequences of his pleas or conducted any examination to determine if the pleas were understandingly and voluntarily entered.

In *State v. Woody*, 271 N.C. 544, 157 S.E. 2d 108 (1967) it was held: "Though it is a good practice and it would be considered proper in all respects, it is not a prerequisite to the sustaining of a conviction based upon a guilty plea that the trial judge so examine the defendant . . . " And in the same opinion it is further stated: "Nevertheless, due to the ever-increasing burden placed upon this Court to rule upon the

countless petitions for a review of the constitutionality of criminal convictions, it would be well, though not mandatory, for every trial judge in this State to interrogate, as most of our trial judges do, every defendant who enters a plea of guilty in order to be sure that he has freely, voluntarily and intelligently consented to and authorized the entry of such plea."

The pronouncement of this advice was followed in this Court in *State v. Abernathy*, 1 N.C. App. 625, 162 S.E. 2d 114 (1968) and the warning issued by Chief Justice Parker was partially restated. In *State v. Miller*, 3 N.C. App. 227, 164 S.E. 2d 406 (1968) it was again held that the failure of the trial court to conduct an examination of the defendant before accepting a plea of guilty did not constitute reversible error. However in 1969 the Supreme Court of the United States in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709 (2 June 1969) held: "Several Federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth. [citation]. Second, is the right to trial by jury. [citation]. Third, is the right to confront one's accusers. [citation]. We cannot presume a waiver of these three important Federal rights from a silent record." The court further stated clearly and concisely: "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." It appears that what we had heretofore considered to be a well advised procedure to safeguard against later collateral attack, has been granted constitutional dimensions by the Supreme Court of the United States. The rulings of the Supreme Court of the United States are, of course, binding on this Court.

We held in *State v. Ray*, 7 N.C. App. 129, 171 S.E. 2d 202 (31 December 1969) that the failure of the trial judge to make inquiry of the defendant concerning his understanding and the voluntariness of his plea did not invalidate the plea. This holding coming after *Boykin* appears to be inconsistent with the application of the *Boykin* rule. However the defendant Ray entered his plea at the May 1969 session of court and according to *Halliday v. U. S.*, 394 U.S. 831, 23 L. Ed. 2d 16, 89 S.Ct. 1498, the ruling in *Boykin* is prospective only and applicable to pleas entered on and after 2 June 1969.

State v. Harris

Therefore in accordance with the rule announced in *Boykin,* we hold that where a defendant has entered a plea of guilty, or a plea of *nolo contendere,* it must affirmatively appear in the record that he did so understandingly and voluntarily. The most obvious and acceptable way for this information to affirmatively appear in the record is for the trial judge to made an adjudication to that effect from competent evidence. Where it does not affirmatively appear in the record that the plea was understandingly and voluntarily entered, the defendant is entitled to replead.

[7] The failure of the record in this case to affirmatively show that defendant was aware of the consequences of his pleas of guilty and to affirmatively show that his pleas were voluntarily and understandingly entered entitles the defendant to have his pleas of guilty vacated and entitles him to replead to the charges.

[8] The revocation of probation ordered by Judge Godwin was based solely upon the defendant's pleas of guilty in cases 70CR12753 and 70CR12754 (the two "12 July 1970 charges"). Therefore, in view of the holding in this case that defendant is entitled to replead in cases 70CR12753 and 70CR12754, the order of Judge Godwin revoking probation is vacated and the defendant-probationer is awarded a new hearing upon the allegations of violation of the terms of his probation.

Prior to the convening of the session at which the defendant was tried and at the beginning of the session at which he was tried there was confusion relating to the indigency and the necessity for the appointment of counsel. Appellant's counsel has undertaken to raise and present these questions to us on appeal. However, in view of the state of this record and in view of the disposition of the cases, we do not feel it advisable to enter into a discussion of the questions undertaken to be raised by counsel. We presume that upon the remand of these cases to the Superior Court the trial judge will make appropriate inquiry concerning the indigency of the defendant and if found to be indigent will appoint counsel to represent him. The offense of operating a motor vehicle upon the public highways after operator's license has been permanently revoked carries a minimum sentence in excess of six months. G.S. 20-28(b).

The results are as follows:

In cases 70CR10999 and 70CR10957 (the two "14 June 1970 charges") defendant is awarded new trials.

In cases 70CR12753 and 70CR12754 (the two "12 July 1970 charges") defendant's pleas of guilty are stricken and it is ordered that he is entitled to replead.

The order entered by Judge Godwin on 9 October 1970 revoking probation of the defendant-probationer in case 70CR3366 is vacated and defendant-probationer is granted a new hearing upon the allegations of violation of probation.

Judges MORRIS and VAUGHN concur.