State v. Treadway

---

STATE OF NORTH CAROLINA v. JOHN Q. TREADWAY

No. 713SC290

(Filed 4 August 1971)

1. Criminal Law § 154— service of case on appeal — extension of time

Order of the trial court extending the time for defendant to serve his case on appeal on the solicitor was ineffective where it was entered after expiration of the 15 days allowed by statute in a case in which the trial court originally fixed no time for service of the case on appeal. G.S. 1-282.

2. Criminal Law § 155.5— failure to docket record on appeal in apt time

Appeal is subject to dismissal for failure of appellant to docket the record on appeal within 90 days from entry of the judgment appealed from. Court of Appeals Rule No. 5.

3. Criminal Law § 25— plea of nolo contendere — failure of court to determine that plea was voluntary

Defendant is entitled to have his plea of *nolo contendere* vacated and to replead to the charge against him where the record fails to show affirmatively that the court made any inquiry, finding or adjudication that defendant's plea was understandingly and voluntarily entered.

APPEAL by defendant, John Q. Treadway, from *James, Judge,* 5 November 1970 Session of CARTERET Superior Court.

The defendant was charged in a bill of indictment, proper in form, with possession of narcotic drugs for the purpose of sale, in violation of G.S. 90-88. The defendant, represented by privately employed counsel, entered a plea of *nolo contendere.* From a judgment imposing a prison sentence of eighteen months, the defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Walter S. Ricks III for the State.*

*Paul and Keenan by James Keenan for defendant appellant.*

HEDRICK, Judge.

[1] The judgment in this case was signed on 5 November 1970. Notice of appeal to this Court was given on the same date. The record on appeal does not indicate that the court fixed the time for the defendant to prepare and serve the case on appeal upon the solicitor; therefore, G.S. 1-282, allowing the

State v. Treadway

appellant fifteen days in which to prepare and serve the case on appeal, was applicable. On 11 December 1970, the trial judge signed an "Order for Extension of Time" which, in pertinent part, reads as follows:

"[T]hat the defendants be allowed an additional 30 days to prepare and serve and docket their case on appeal and the State be allowed 30 days thereafter to serve counter-case."

G.S. 1-282 requires that "[t]he initial order of extension must be entered prior to expiration of the statutory time for service of the case on appeal." Obviously, the "extension of time" dated 11 December 1970 was ineffective.

On 5 January 1971, defendant's counsel and the solicitor entered into a stipulation as to what constituted the record on appeal. The record on appeal was docketed in this Court on 8 March 1971.

[2]  The appeal is subject to dismissal for failure of the appellant to docket the record on appeal within 90 days from entry of the judgment as required by Rule 5 of the Rules of Practice of this Court.

[3]  The defendant, by his one assignment of error, contends that the court committed error by accepting the defendant's plea of *nolo contendere* and entering judgment thereon without first conducting a hearing and making a finding and an adjudication that the plea was understandingly and voluntarily entered. In the recent case of *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971), Judge Brock, in applying the rule laid down in *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709 (1969), said: "[W]e hold that where a defendant has entered a plea of guilty, or a plea of *nolo contendere,* it must affirmatively appear in the record that he did so understandingly and voluntarily."

From the record before us, it does not affirmatively appear that the court made any inquiry, finding or adjudication that the defendant's plea was understandingly and voluntarily entered. Therefore, the defendant's assignment of error is sustained, and the defendant's plea and the judgment entered thereon are vacated and the case is remanded to the superior

court where the defendant will be entitled to replead to the bill of indictment.

Vacated and remanded.

Judges BROCK and MORRIS concur.