STATE OF NORTH CAROLINA v. DONNIE L. FORD,
ALIAS RONALD FORD

No. 50

(Filed 12 April 1972)

1. **Criminal Law § 161— absence of assignments of error — review of record proper**

Although the record contains no exception or assignment of error, defendant's appeal presents the question whether error appears on the face of the record proper.

2. **Criminal Law § 157— record proper**

Ordinarily, in criminal cases the record proper consists of (1) the organization of the court, (2) the information, warrant or indictment, (3) the arraignment and plea, (4) the verdict, and (5) the judgment.

3. **Criminal Law §§ 23, 25— plea of guilty — plea of nolo contendere — voluntariness — showing in record**

A plea of guilty or a plea of *nolo contendere* may not be considered valid unless it appears affirmatively that it was entered voluntarily and understandingly.

4. **Criminal Law § 25— plea of nolo contendere — voluntariness — consideration of evidence presented**

Whether technically a part of the record proper, evidence as to what occurred when defendant was arraigned and entered a plea of *nolo contendere* will be considered by the appellate court in determining if the plea was entered voluntarily and understandingly.

5. **Criminal Law § 25— plea of nolo contendere — insufficiency of court's inquiries**

Although defendant's counsel stated that he had explained to defendant the effect of a plea of *nolo contendere,* and defendant stated that he understood the plea of *nolo contendere* and that it was entered freely, voluntarily and understandingly, defendant's plea of *nolo contendere* to a charge of felonious escape should not have been accepted until the nature and consequences of the plea had been explained to defendant *in open court* and evidence to the effect that the plea was entered voluntarily and understandingly had been developed fully and a finding to that effect made by the court.

6. **Criminal Law § 25— plea of nolo contendere — deficiencies in court's inquiries — defendant's testimony**

Although inquiries addressed by the court to defendant and to his counsel fell short of approved practice with reference to the acceptance of pleas of guilty or of *nolo contendere,* deficiencies in the court's inquiries and in defendant's responses were cured by defendant's testimony on the occasion of his arraignment and plea which discloses affirmatively that he has no defense to the crime of

State v. Ford

felonious escape for which he was indicted, and when the entire record is considered, it appears that defendant's plea of *nolo contendere* was entered voluntarily and understandingly.

APPEAL by defendant from the decision of the Court of Appeals reported in 13 N.C. App. 34, 185 S.E. 2d 328, which found "No error" in the "trial" before *Falls, J.*, at the August 9, 1971 Session of FORSYTH Superior Court.

Defendant was arraigned on a bill of indictment which charged that on January 9, 1971, while he was lawfully confined in the North Carolina Department of Correction in the custody of Captain T. D. Hill at Stokes Subsidiary #5546, under sentences imposed for breaking and entering and escape at the January 12, 1968 and February 7, 1969 Sessions of the Superior Court of Forsyth County, defendant did unlawfully, wilfully and feloniously escape while assigned to work at Forsyth Memorial Laundry Room, Winston-Salem, N. C.

Defendant, an indigent, through his court-appointed counsel, Curtiss Todd, Esq., tendered a plea of *nolo contendere*. In response to the court's inquiry, Mr. Todd stated that he had explained to defendant "the effect of a plea of nolo contendere." In response to inquiries which the court addressed directly to him, defendant stated in substance that he understood the meaning of a plea of *nolo contendere;* that nobody had promised him anything in exchange for this plea; and that he entered the plea freely, voluntarily and understandingly. Thereupon, the court heard the testimony of Correctional Officer Zeb Crews and the testimony of defendant.

The judgment signed by Judge Falls recites that defendant had "entered a plea of nolo contendere to the offense of FELONIOUS ESCAPE, being the second offense, and of the grade of felony. . . ." Upon this plea, the judgment imposed a prison sentence of two years, to commence upon expiration of the sentences defendant was then serving. Defendant appealed.

The record on appeal contains no exceptions or assignments of error. In the Court of Appeals, an opinion was written by each of the three members of the hearing panel. Reference is made to the opinion of Judge Hedrick, to the concurring opinion of Judge Graham, and to the dissenting opinion of Chief Judge Mallard.

State v. Ford

Defendant appeals to the Supreme Court of right under G.S. 7A-30(2).

*Attorney General Morgan and Deputy Attorney General Vanore for the State.*

*Curtiss Todd for defendant appellant.*

BOBBITT, Chief Justice.

The question is whether the plea of *nolo contendere* and the judgment entered thereon should be vacated and the cause remanded to the superior court to permit defendant to replead to the bill of indictment. If not, the decision of the majority of the panel of the Court of Appeals must be affirmed.

In *State v. Woody,* 271 N.C. 544, 157 S.E. 2d 108 (1967), this Court affirmed judgments based on pleas of guilty entered in behalf of defendant by his counsel. On appeal, defendant assigned as error the acceptance of the pleas "without ascertaining whether or not the defendant personally wished to enter" them. An excerpt from the opinion of Chief Justice Parker is quoted below:

"[D]ue to the ever-increasing burden placed upon this Court to rule upon the countless petitions for review of the constitutionality of criminal convictions, it would be well, though not mandatory, for every trial judge in this State to interrogate, as most of our trial judges do, every defendant who enters a plea of guilty in order to be sure that he has freely, voluntarily and intelligently consented to and authorized the entry of such plea. However, we wish to make it clear that any failure on the part of the trial judge to follow this recommended procedure in cases of this nature would not be fatal to the conviction."

G.S. 7A-457(b), as amended by Chapter 1243, Session Laws of 1971, provides: *"If an indigent person waives counsel* as provided in subsection (a), and pleads guilty to any offense, the court shall inform him of the nature of the offense and the possible consequences of his plea, and as a condition of accepting the plea of guilty the court shall examine the person and shall ascertain that the plea was freely, understandably [*sic*] and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency." (Our italics.) In the present case, defendant was represented by

counsel who tendered the plea in open court in defendant's presence and in his behalf.

When a defendant *who is represented by counsel* tenders a plea of guilty or a plea of *nolo contendere,* the law as declared in *State v. Woody, supra,* has not been modified by any subsequent decision of this Court or by any North Carolina statute. However, our law has been affected by the decision of the Supreme Court of the United States in *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969).

Since *Boykin* was decided, and based thereon, panels of the North Carolina Court of Appeals have held consistently that, notwithstanding a defendant who is represented by counsel enters a plea of guilty or a plea of *nolo contendere,* it must appear affirmatively in the record that he did so voluntarily and understandingly. *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971); *State v. Treadway,* 12 N.C. App. 167, 182 S.E. 2d 638 (1971); *State v. Atkins,* 12 N.C. App. 169, 182 S.E. 2d 595 (1971). In each of these cases the defendant's plea and the judgment entered thereon were vacated and the case was remanded to the superior court to permit the defendant to replead to the bill of indictment. In *Harris,* Judge Brock said: "The failure of the record in this case to affirmatively show that defendant was aware of the consequences of his pleas of guilty and to affirmatively show that his pleas were voluntarily and understandingly entered entitles the defendant to have his pleas of guilty vacated and entitles him to replead to the charges." *Supra* at 561, 180 S.E. 2d at 34.

In *Boykin v. State,* 207 So. 2d 412 (Ala. 1968), the defendant, represented by court-appointed counsel, entered a plea of guilty to each of five indictments for common-law robbery. It was provided by statute that "[a]ny person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years." Alabama Code, Title 14, § 415 (1959). It was also provided by statute: "If he pleads guilty, . . . the court must cause the punishment to be determined by a jury. . . ." Alabama Code, Title 15, § 277 (1959). In Case No. 15520, the jury returned the following verdict: "We, the Jury, find the defendant guilty of Robbery, as charged in the indictment, on his plea of guilty, and further find that he shall suffer death by electrocution." On appeal, the judgment was affirmed by the

Supreme Court of Alabama. (Note: Although the appeal relates specifically to No. 15520 and to the jury's verdict therein, the dissenting opinion states that "[b]y agreement, all five cases were presented to the same jury.") Three of the seven Justices of the Supreme Court of Alabama dissented on the ground that "the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." The Supreme Court of the United States granted *certiorari*. 393 U.S. 820, 21 L.Ed. 2d 93, 89 S.Ct. 200 (1968).

The Supreme Court of the United States reversed. This excerpt from the opinion of Mr. Justice Douglas indicates the basis of decision: "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan*, 378 U.S. 1. Second, is the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145. Third, is the right to confront one's accusers. *Pointer v. Texas*, 380 U.S. 400. We cannot presume a waiver of these three important federal rights from a silent record. What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 243-44, 23 L.Ed. 2d 274, 279-80, 89 S.Ct. 1709, 1712. Decision was based on the ground that " 'the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.' " *Id*. at 244, 23 L.Ed. 2d at 280, 89 S.Ct. at 1713 (quoting the dissent in *Boykin v. State, supra)*.

A dissenting opinion by Mr. Justice Harlan, with whom Mr. Justice Black joined, stated that "[t]he Court thus in effect fastens upon the States, as a matter of federal constitutional law, the rigid prophylactic requirements of Rule 11 of the Federal Rules of Criminal Procedure." Although Rule 11 is not mentioned in Mr. Justice Douglas's opinion for the Court, there is substantial justification for Mr. Justice Harlan's statement. See, "Criminal Procedure—Requirements for Acceptance of Guilty Pleas," 48 N.C.L. Rev. 352 (1970).

Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C. Appendix (1971), provides: "A defendant may plead

not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

In *Boykin*, Mr. Justice Douglas quotes with approval from *McCarthy v. United States*, 394 U.S. 459, 22 L.Ed. 2d 418, 89 S.Ct. 1166 (1969), a decision based solely on the Court's interpretation of Rule 11. In *McCarthy*, the Court held that, in a criminal prosecution in the United States District Court, the trial judge could not accept a plea of guilty unless, in addition to all other requirements, he determined that there was a factual basis for the plea.

*Boykin* involved death sentences. Nothing in the opinions of the Supreme Court of Alabama and of the Supreme Court of the United States indicates that the trial judge made *any* inquiry of the defendant or of his counsel with reference to whether the pleas of guilty were voluntarily and understandingly entered. Nothing in the opinions of the Court of Appeals in *Harris, Treadway* and *Atkins* indicates that the trial judge made *any* inquiry of the defendant or of his counsel with reference to whether the pleas of guilty were voluntarily and understandingly entered. The question before us is whether the present record discloses sufficiently that defendant's plea of *nolo contendere* was entered voluntarily and understandingly.

[1-4] Although the record contains no exception or assignment of error, defendant's appeal presents the question whether error appears on the face of the record proper. *State v. Roberts*, 279 N.C. 500, 183 S.E. 2d 647 (1971). "Ordinarily, in criminal cases the record proper consists of (1) the organization of the court, (2) the charge (information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment." *State v. Tinsley*, 279 N.C. 482, 183 S.E. 2d 669 (1971). *Boykin* requires us to hold that a plea of guilty or a plea of *nolo contendere* may not be considered valid unless it

appears affirmatively that it was entered voluntarily and understandingly. Hence, a plea of guilty or of *nolo contendere,* unaccompanied by evidence that the plea was entered voluntarily and understandingly, and a judgment entered thereon, must be vacated as in *Harris, Treadway* and *Atkins.* If the plea is sustained, it must appear affirmatively that it was entered voluntarily and understandingly. Thus, whether technically a part of the record proper, evidence as to what occurred when defendant was arraigned and entered his plea must be considered if a judgment based upon the plea is to be sustained. This evidence appears in the agreed statement of case on appeal.

[5]  It must be conceded that the inquiries addressed by the court to defendant's counsel and those addressed directly to defendant fall short of approved practice with reference to the acceptance of pleas of guilty or of *nolo contendere.* True, defendant's counsel stated that he had explained to defendant the effect of the plea of *nolo contendere;* and defendant stated that he understood the plea of *nolo contendere* and that it was entered freely, voluntarily and understandingly. Even so, the nature and consequences of the plea should have been explained to defendant *in open court.* Evidence to the effect that the plea was entered voluntarily and understandingly should have been developed fully and a finding to that effect made in order to safeguard a defendant's rights, to protect his counsel from charges of unauthorized action, and generally to protect the plea and judgment from collateral attack in State post-conviction and federal *habeas corpus* proceedings. See Annotation, "Validity of Guilty Pleas," 25 L.Ed. 2d 1025 (1971) ; also, "Standards Relating to Pleas of Guilty," American Bar Association Project on Minimum Standards for Criminal Justice (Approved Draft, 1968) ; also, Annotation, "Courts duty to advise or admonish accused as to consequences of plea of guilty, or determine that he is advised thereof." 97 A.L.R. 2d 549 (1964).

"A plea of nolo contendere . . . is tantamount to a plea of guilty for purposes of the particular criminal action in which it is tendered and accepted. The presiding judge acquires full power to pronounce judgment against the defendant for the crime charged in the indictment." *State v. Norman,* 276 N.C. 75, 79, 170 S.E. 2d 923, 926 (1969). The nature and consequences of the plea of *nolo contendere* are generally understood by those who have acquired experience as defendants in criminal

actions and as prisoners in our penal system. Defendant's counsel stated that he had explained to defendant the effect of a plea of *nolo contendere* and defendant stated that he understood "what a plea of nolo contendere is."

[6] In our view, the deficiency in the court's inquiries and in defendant's responses is cured by defendant's testimony on the occasion of his arraignment and plea. This testimony of defendant discloses affirmatively that he has no defense to the crime for which he was indicted.

The indictment is based on G.S. 148-45(a) which in part provides: "Any prisoner convicted of escaping or attempting to escape from the State prison system who at any time subsequent to such conviction escapes or attempts to escape therefrom shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than three years." Thus, upon a valid plea of *nolo contendere* to an indictment properly charging a second offense of escape, the statute provides that punishment shall be "by imprisonment for not less than six months nor more than three years."

The testimony of Officer Crews tends to show that defendant had been convicted for breaking and entering and that he had escaped once before. Defendant testified he had been convicted on January 12, 1968, for breaking and entering and sentenced to a prison term of "four to seven years." According to the testimony of Officer Crews and of defendant, defendant was an escapee from January 9, 1971, until officers "picked him up" in July, 1971.

Defendant testified that on January 9, 1971, he and four other prisoners were permitted to attend a movie and "to mingle" with other patrons; that he took a seat downstairs; that at 5:30, the time they were supposed to leave, he went back upstairs where "the volunteer" was supposed to be, but could not find either the volunteer or any of the prisoners; that he discovered that the car in which they had come to the movie was gone; that he "thought about calling in," but didn't do so "because one of the officers of the other units had already said if anybody messed up he was going to see that he would get whatever he could for him"; and that "[f]rom January 9th until the time they picked [him] up in July, [he] knew [he] had escaped but not in every sense of the word."

G.S. 148-45 (b) provides in express terms that the conduct of the defendant, as related by him, constitutes an escape within the meaning of G.S. 148-45 (a).

Neither defendant nor his counsel has ever contended that defendant did not understand the full significance of his plea of *nolo contendere* or that the plea was entered otherwise than voluntarily and understandingly. The present contention, namely, the asserted inadequacy of the record to show that the plea was entered voluntarily and understandingly, was made for the first time upon defendant's appeal to this Court from the Court of Appeals. The brief filed by defendant in the Court of Appeals referred to defendant's conduct as "in the nature of a breach of trust" rather than an escape, and made the contention that the alleged escape by defendant "was surrounded by many extenuating circumstances and that the sentence was more severe than the evidence warranted." It may be that defendant was under the erroneous impression that the two-year sentence he received was the maximum.

When the entire record is considered, we think it appears that defendant's plea of *nolo contendere* was entered voluntarily and understandingly. Hence, the *decision* of the Court of Appeals is affirmed.

Affirmed.