STATE OF NORTH CAROLINA v. EDDIE JOHNSON, JR.

No. 7011SC68

(Filed 1 April 1970)

**1. Criminal Law § 161— appeal as an exception to judgment**

Although no assignments of error or exceptions were contained in the record or in defendant's brief, the Court of Appeals nevertheless considered the appeal, since the appeal itself was an exception to the judgment and presented the face of the record proper for review.

**2. Rape § 18— assault with intent to commit rape — indictment — age of defendant**

It is not necessary in order to sustain a conviction of assault with intent to commit rape that the indictment allege that defendant was over 18 years of age at the time the crime was committed.

---

STATE *v.* JOHNSON

---

APPEAL by defendant from *McKinnon, J.,* 20 August 1969 Criminal Session of JOHNSTON County Superior Court.

Defendant was tried before a jury and convicted of assault with intent to commit rape. He was sentenced to serve not less than 10 nor more than 15 years in the State Prison. Defendant in open court gave notice of appeal and counsel was appointed, by reason of defendant's indigency, to perfect the appeal.

*Attorney General Robert Morgan by. Staff Attorney James L. Blackburn for the State.*

*C. C. Canaday, Jr., for defendant appellant.*

MORRIS, J.

**[1]** No assignments of error or exceptions are contained in the record or defendant's brief. Nevertheless, we will consider the appeal since that in itself is an exception to the judgment and presents the face of the record proper for review. *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330 (1967).

The attorneys for both parties have candidly admitted that the record contains no errors. We take note, however, that the record contains a motion by the State to amend the indictment to allege that the defendant was over 18 years of age at the time the crime was committed. There is nothing in the record to indicate whether the court ruled on the motion.

**[2]** The indictment appearing in the record, certified by the clerk as the bill of indictment returned by the grand jury, is valid and proper in form. It alleges that defendant is a male over 18 years of age, but this allegation is not necessary to support the charge against the defendant.

In the record before us, we find

No error.

MALLARD, C.J., and VAUGHN, J., concur.