STATE OF NORTH CAROLINA v. IVERY ALFONZO VANDERBURG

No. 7122SC666

(Filed 15 December 1971)

Criminal Law § 23— guilty pleas — voluntariness — affirmative showing
in record

    Defendant is entitled to have his pleas of guilty vacated and to
replead to the charges against him where the record fails to show
affirmatively that defendant was aware of the consequences of his
pleas and that his pleas were voluntarily and understandingly entered.

APPEAL by defendant from *Crissman, Judge,* 21 May 1971
Criminal Session of IREDELL Superior Court.

The defendant, Ivery Alfonzo Vanderburg, was charged
with resisting arrest, assault upon an officer and disorderly con-
duct and entered a plea of guilty at his trial in district court on
4 March 1971. Defendant was not represented by counsel either
at the trial in district court or on appeal to Iredell Superior
Court. In superior court defendant again entered a plea of
guilty to the charges and was sentenced to six months in jail
for resisting arrest and six months for assault on an officer
and disorderly conduct under a consolidated judgment. From
the judgment entered by the superior court, defendant appealed.

---

State v. Woody

---

Attorney General Morgan by Assistant Attorney General Banks for the State.

Chambers, Stein, Ferguson & Lanning, by Charles L. Becton, for the defendant appellant.

MORRIS, Judge.

The failure of the record to show affirmatively that defendant was aware of the consequences of his pleas of guilty and to show affirmatively that his pleas were voluntarily and understandingly entered entitles the defendant to have his pleas of guilty vacated and entitles him to replead to the charges. *State v. Harris*, 10 N.C. App. 553, 180 S.E. 2d 29 (1971). We find in the record no transcript of plea signed by the defendant nor any adjudication entered by the trial judge indicating that defendant freely, understandingly and voluntarily made the pleas. We must, therefore, order that defendant's pleas of guilty be stricken and the matter remanded so that defendant may replead.

Discussion of defendant's other assignments of error is not necessary.

New trial.

Judges CAMPBELL and PARKER concur.