State v. Harris

---

No. 7225SC300

(Filed 26 April 1972)

1. **Assault and Battery § 11— warrant — misdemeanor assault**

    A warrant alleging that defendant assaulted his wife "by threatening to kill her and throwed rocks at her and shooting at her with a gun" charges a misdemeanor under G.S. 14-33, not a felony under any subparagraph of G.S. 14-32; consequently, the district court had original jurisdiction to try the defendant, G.S. 7A-272, and upon appeal from the district court to the superior court for trial *de novo*, the superior court had jurisdiction to try defendant upon the original warrant. G.S. 7A-271(b).

2. **Criminal Law § 23— guilty plea — voluntariness — showing in record**

    Defendant is entitled to have his plea of guilty stricken and to replead to the charge against him where the record fails to show that

the trial judge made any inquiry or adjudication to determine that defendant's guilty plea was made freely and voluntarily and with full understanding of the nature of the charge against him, the constitutional rights being waived, and the likely consequences of· the plea.

APPEAL by defendant from *Falls, Judge,* October 1971 Special Criminal Session of Superior Court held in CALDWELL County.

In Case No. 71-Cr-4851 defendant was charged in a warrant with having assaulted his wife on 5 June 1971 in violation of G.S. 14-33. On 10 June 1971 defendant was tried in district court, pleaded not guilty, was found guilty, and from judgment imposing a fine of $25.00 and costs, appealed to superior court. Upon arraignment in the superior court on 5 October 1971, defendant, not represented by counsel, pleaded guilty. Judgment was entered sentencing defendant to jail for a term of six months. On 12 October 1971 defendant gave notice of appeal and requested appointment of counsel. The court appointed Fate J. Beal to perfect this appeal.

*Attorney General Robert Morgan by Associate Attorney General Walter E. Ricks III for the State.*

*Fate J. Beal for defendant appellant.*

PARKER, Judge.

Appellant's first and fifth assignments of error are predicated upon his contention that the warrant on which he was tried charges the commission of a felony. From this he argues that the district court lacked jurisdiction to try him, but could only bind him over after a preliminary hearing, and that the superior court had no power to try him on the warrant, but could only proceed by way of indictment or information.

[1] The warrant charged that defendant assaulted his wife "by threatening to kill her and throwed rocks at her and shooting at her with a gun." The allegation that defendant assaulted his wife "by threatening to kill her" falls short of charging that he acted with the specific *intent* to kill required to make the offense a felony under G.S. 14-32(a) or (c), and there was no allegation that he inflicted serious injury so as to bring the matter under G.S. 14-32(b). The offense charged was a mis-

demeanor under G.S. 14-33, and was not a felony under any subparagraph of G.S. 14-32. Therefore the district court had original jurisdiction to try the defendant, G.S. 7A-272, and upon appeal from the district court to the superior court for trial de novo, the superior court had jurisdiction to try the defendant upon the original warrant. G.S. 7A-271(b). Appellant's first and fifth assignments of error are overruled.

[2]   The judgment of the superior court was entered upon defendant's plea of guilty. The record contains no transcript of the plea signed by the defendant and is otherwise completely barren of anything to indicate that the trial judge made any inquiry or adjudication to determine that defendant's guilty plea had been made freely and voluntarily and with full understanding of the nature of the charge against him, the constitutional rights being waived, and the likely consequences of the plea. These essentials to a valid guilty plea may not be presumed from a silent record, *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709; *State v. Vanderburg,* 13 N.C. App. 248, 184 S.E. 2d 915; *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29. We must, therefore, order defendant's plea of guilty stricken and the case remanded so that defendant may replead.

New trial.

Chief Judge MALLARD and Judge MORRIS concur.