STATE OF NORTH CAROLINA v. MILLARD LEE HARRIS

No. 7225SC161

(Filed 26 April 1972)

1. Criminal Law § 166— abandonment of exceptions

Exceptions not brought forward in the brief are deemed abandoned. Court of Appeals Rule 28.

2. Criminal Law § 161— appeal as exception to judgment

The appeal itself constitutes an exception to the judgment and presents the case for review for error appearing on the face of the record.

State v. Harris

3. **Criminal Law § 23— guilty plea — voluntariness — showing in record**
    Defendant is entitled to have his plea of guilty stricken and to replead to the charge against him where the record fails to show affirmatively that defendant's plea of guilty was entered freely, voluntarily and understandingly.

APPEAL by defendant from *Falls, Judge,* 4 October 1971 Special Session of Superior Court, CALDWELL County.

This is a companion case to *State of North Carolina v. Millard Lee Harris,* 14 N.C. App. 268, 188 S.E. 2d 1 (1972). Defendant in this case was charged under a warrant with assaulting his wife on 7 June 1971 in violation of G.S. 14-33. On 10 June 1971 in District Court, defendant pleaded not guilty and was found guilty. From judgment ordering defendant to pay a $10 fine and costs, he gave notice of appeal to the Superior Court. There was no attorney of record for the defendant at his trial in Superior Court on 5 October 1971, and he entered a plea of guilty. From a judgment imposing a six-month prison sentence to begin at the expiration of the sentence in the companion case, defendant gave notice of appeal to this Court. The same counsel was appointed to represent the defendant on appeal in both cases.

*Attorney General Morgan, by Associate Attorney Ricks, for the State.*

*Fate J. Beal for defendant appellant.*

MORRIS, Judge.

[1, 2] The record of the case on appeal contains two exceptions made by defendant, but he failed to bring them forward in his brief. Thus they are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Although appellant's brief contains no assignments of error, the appeal itself constitutes an exception to the judgment and presents the case for review for error appearing on the face of the record. *State v. Johnson,* 7 N.C. App. 574, 173 S.E. 2d 75 (1970).

The record contained no transcript of plea and adjudication thereon. *Ex mero motu,* we entered an order directing the Clerk of the Superior Court of Caldwell County to certify to this Court all portions of the record in this case having to do with defendant's plea of guilty; and further, if no transcript of plea or

adjudication appeared in the record to so certify to this Court. The Clerk has certified that "there is no Transcript of Plea and Adjudication filed" in this case.

[3] For the same reason as in the companion case, i.e., for failure of the record to show affirmatively that defendant freely, understandingly and voluntarily entered his plea of guilty, we must order that defendant's plea of guilty be stricken and the matter remanded so that defendant may replead. *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971); *State v. Vanderburg,* 13 N.C. App. 248, 184 S.E. 2d 915 (1971).

New trial.

Chief Judge MALLARD and Judge PARKER concur.