STATE OF NORTH CAROLINA v. L. C. BEASLEY

No. 7111SC154

(Filed 31 March 1971)

1. Criminal Law § 76— admissibility of confession — voir dire — findings of fact

   Where there is no conflict in the evidence presented at a *voir dire* hearing on the admissibility of a confession, it is not essential that the trial court make specific findings of fact, although it is desirable that it do so.

2. Criminal Law § 75— admissibility of confession — intoxication of defendant at the time of confession

   The mere fact that defendant was intoxicated when he made incriminating statements to an investigating officer does not render the statements inadmissible on trial.

3. Criminal Law § 75— inapplicability of Miranda warnings — automobile accident scene

   The requirement that a defendant be advised of his *Miranda* rights would seem to be inapplicable in a case where an officer was investigating a motorist who had driven his car into a ditch and who appeared to be under the influence of intoxicating liquor.

4. Automobiles § 127 — drunken driving prosecution — issue of defendant's guilt — sufficiency of evidence

   Issue of defendant's guilt of driving under the influence of intoxicating liquors was properly submitted to the jury where (1) the

results of a breathalyzer test showed that defendant had a blood alcohol content of .14, (2) the investigating officers stated that they were of the opinion that defendant was under the influence, and (3) defendant stated that he had had three or four beers.

**5. Automobiles § 129— drunken driving prosecution — prejudicial instruction — misleading use of the word "presumption"**

In a drunken driving prosecution, the trial court's instruction that defendant's performance on the breathalyzer test showed a blood alcohol content of .14, "some forty (40) percent higher than the *presumption required*," *held* reversible error, since the jury might have understood that the test results raised a presumption which the defendant had the burden to rebut. G.S. 20-139.1.

**6. Automobiles § 129— drunken driving prosecution — prejudicial instruction**

In a drunken driving prosecution, the trial court's instruction that a defendant is under the influence of intoxicants "if he is abnormal in any degree from the consumption of intoxicants," *held* reversible error.

APPEAL by defendant from *Bailey, Superior Court Judge,* 19 October 1970 Session, JOHNSTON County Superior Court.

Defendant was charged on a North Carolina Uniform Traffic Ticket with the offense of driving under the influence of intoxicating liquor. He was tried in superior court on appeal from a conviction in the district court. The defendant entered a plea of not guilty. The jury returned a verdict of guilty, and defendant was given a 30-day active sentence.

Defendant was arrested about 1:05 a.m. on 29 November 1969, by Trooper H. M. Bullock of the North Carolina State Highway Patrol. Defendant was sitting behind the wheel of his 1966 Chevrolet on the shoulder of the road when Trooper Bullock first saw him. "He was attempting to get a 1966 Chevrolet out of the ditch. The engine was running and the lights were on. Both back wheels were in the ditch and he was behind the wheel, spinning the tires . . ." Trooper Bullock testified that defendant told him that he had been attempting to turn around and that he missed the driveway where he was attempting to make the turn and went into the ditch. The officer also testified that defendant told him he had "three (3) or four (4) beers at the Tavern, starting about 5 o'clock." The officer testified that "the defendant was cooperative and polite, answered all questions and gave me no trouble. He swayed and staggered when he walked and had the odor of some intoxicating beverage."

Defendant was given various tests of coordination and did poorly on these. He was given a breathalyzer test and the results showed a blood alcohol content of .14. Both Trooper Bullock and the officer who administered the breathalyzer test testified that they felt that defendant was "under the influence."

Defendant did not put on any evidence.

*Attorney General Morgan by Assistant Attorneys General Melvin and Costen for the State.*

*T. Yates Dobson, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant's first assignment of error is that the court erred in overruling defendant's objection to the testimony of Trooper H. M. Bullock as to statements made to the witness by the defendant, for want of proof on behalf of the State that such was the result of an intelligent waiver of the constitutional rights of the defendant. He contends that the court should have found facts with respect to whether the statements of defendant were understandingly and voluntarily made and further that any statements made by defendant were rendered inadmissible by virtue of the fact that defendant, according to the officer's testimony on *voir dire,* was under the influence of intoxicating liquor. The contentions of defendant are without merit.

The officer testified on *voir dire* that the defendant could stand without help and could answer all his questions. He advised him of his constitutional rights. Defendant appeared to understand what he was saying and gave intelligent answers. In the officer's opinion defendant was under the influence. The officer asked defendant what had happened. Defendant told the officer that he went to turn around and backed into the ditch, that he was the driver of the car, that he was coming from a beer joint and was headed home. The defendant offered no evidence on *voir dire* and the court overruled his objection.

[1] Since there was no conflict in the evidence on *voir dire,* it was not essential that the court make specific findings of fact, though it was desirable that he do so. *State v. McCloud,* 7 N.C. App. 132, 171 S.E. 2d 470 (1969), and cases there cited. Of course, voluntariness is the test of admissibility and this is for the court to decide. His ruling that the evidence was competent was necessarily based on his conclusion that the state-

ments were voluntarily made. *State v. Painter*, 265 N.C. 277, 144 S.E. 2d 6 (1965).

[2] Nor does the mere fact of intoxication render inadmissible his statements which tended to incriminate him. ". . . [T]he extent of his intoxication when the confession was made is relevant; and the weight, if any, to be given a confession under the circumstances disclosed is exclusively for determination by the jury." *State v. Isom*, 243 N.C. 164, 90 S.E. 2d 237 (1955), quoted with approval in *State v. Painter, supra.*

[3] We note that the officer gave defendant the well-known *Miranda* warnings. We do not wish to be understood as implying that his failure to have done so would have rendered the statements inadmissible. We are of the opinion that this situation comes within the exceptions to the exclusionary rule of *Miranda* barring from evidence statements of a defendant made during *in-custody interrogation* unless he has been advised of his right to remain silent and of his right to have counsel present, to be furnished if there is financial inability to hire, and has knowingly and intelligently waived such rights. The *Miranda* decision recognized at least two exceptions. One is general on-the-scene questioning as to facts surrounding a crime, and the other, statements freely volunteered without compelling influences. *Miranda v. Arizona*, 384 U.S. at pp. 477-478, 86 S.Ct. at p. 1629, 16 L. Ed. 2d at pp. 725-726 (1966). This, we think, clearly comes within the general on-the-scene questioning as to the facts, nor was this, in any sense, an in-custody interrogation. Indeed, we agree with the sound reasoning of the Supreme Court of New Jersey in *State v. Macuk*, 57 N.J. 1, 268 A. 2d 1 (1970), wherein the court said: "Now, with the problem squarely before us, we are of the opinion that, in view of the absence of any indication to the contrary by the United States Supreme Court, the rules of *Miranda* should be held inapplicable to all motor vehicle violations." As was pointed out by Justice Hall, for the court, the type of questioning involved in motor vehicle violations is not ordinarily the "lengthy, incommunicado inquisition seeking to 'sweat out' a confession at which *Miranda* was aimed." It usually consists of simple, standard inquiries necessary to complete an accident or violation police report. The fundamental reason for the *Miranda* rules simply is not present, with the possible exception of questioning about a more serious crime which may have come to light as the result of the stopping of an automobile for a motor vehicle violation. Additionally, the violations are not

usually serious enough to warrant the time consumed in following *Miranda* and, practically, it would be impossible to provide sufficient lawyers to consult with the number of violators who would request legal assistance.

**[4]** Defendant also contends that the evidence was insufficient to go to the jury. Even without the statements made to the officer by defendant, the evidence was plenary for submission to the jury. These assignments of error are overruled.

**[5]** In its charge to the jury, the court instructed: "In this case you will recall that the percentage was one-four, fourteen one-hundredths of one percent rather than ten. Some forty (40) percent higher than the presumption required." Defendant assigns this as error. We agree. Defendant did not offer evidence. We are of the opinion that this portion of the charge could have been construed by the jury as placing a greater burden on the defendant than arises from the statute. It has been held that in G.S. 20-139.1, the word "presumption" is used in the sense of a permissive inference or *prima facie* evidence. *State v. Jent,* 270 N.C. 652, 155 S.E. 2d 171 (1967). In our view the jury could have understood that the test results in this case raised a presumption with the burden on the defendant to rebut it.

**[6]** Additionally the court charged the jury as follows: "A defendant is under the influence of intoxicants if he has consumed a sufficient amount to make him think or act differently than he otherwise would have done regardless of what that amount is. He is under the influence if his mind and muscles do not normally coordinate, *or if he is abnormal in any degree from the consumption of intoxicants.*" (Emphasis ours.) This precise verbiage was held to be prejudicial error in *State v. Edwards,* 9 N.C. App. 602, 176 S.E. 2d 874 (1970).

For the reasons stated herein, defendant is entitled to a

New trial.

Judges BROCK and VAUGHN concur.