STATE OF NORTH CAROLINA v. DONALD RAY TYNDALL

No. 738SC99

(Filed 11 July 1973)

1. **Criminal Law § 75— statement by person stopped for drunken driving — absence of Miranda warnings**

    The requirements of *Miranda v. Arizona* were inapplicable when a highway patrolman stopped defendant and asked him whether he had been drinking, and defendant's statement that he had been drinking was properly admitted in his prosecution for drunken driving although he had not been given the *Miranda* warnings.

2. **Automobiles § 126— breathalyzer test — statutory warnings**

    The evidence on *voir dire* supported the trial court's determination that defendant had been advised of his rights under the provisions of G.S. 20-16.2 (a) prior to the time he consented to take a breathalyzer test and that defendant waived those rights and consented to take the test.

APPEAL by defendant from *Webb, Judge,* 18 September 1972 Session of Superior Court held in WAYNE County.

Defendant, Donald Ray Tyndall, was charged in a warrant, proper in form, with driving an automobile upon a public highway of this State while under the influence of intoxicating liquor. Upon his plea of not guilty, the State offered evidence

tending to show that at about 11:35 p.m., 12 March 1972, R. D. McQuage of the North Carolina Highway Patrol observed an automobile on U. S. 70 near Goldsboro being operated by the defendant. The patrolman stopped the vehicle and observed that the defendant had an odor of alcohol on his breath. A breathalyzer test administered by Officer Kenneth Ross revealed that the defendant had a blood alcohol content of .17 percent.

Defendant testified and admitted that he had drunk about two quarts of beer but denied that he was under the influence of an alcoholic beverage.

Defendant was found guilty as charged and from a judgment imposing a jail sentence of 90 days, suspended on condition that he pay a fine of $100.00 and costs, he appealed.

*Attorney General Robert Morgan and Assistant Attorney General Donald A. Davis for the State.*

*Douglas P. Connor for defendant appellant.*

HEDRICK, Judge.

[1]   The defendant contends the court erred in not striking the testimony of the Highway Patrolman that the defendant stated that he had been drinking. When the patrolman stopped the defendant, he asked him whether he had been drinking and the defendant made the admission complained of. Defendant argues that the challenged statement was inadmissible because the officer had not given him the "Miranda warnings." We do not agree. Under the circumstances of this case, the rules of *Miranda* have no application. *State v. Beasley*, 10 N.C. App. 663, 179 S.E. 2d 820 (1971). This assignment of error is not sustained.

[2]   The defendant contends that he never waived his right to counsel and was not informed of his statutory rights under G.S. 20-16.2(a) prior to the time he consented to take the breathalyzer examination. Before admitting into evidence the results of the breathalyzer test, the trial judge conducted a *voir dire* in the absence of the jury and made findings and conclusions that the defendant had been advised of his rights under the provisions of G.S. 20-16.2(a) and that he waived those rights and consented to take the test. *State v. Shadding*, 17 N.C. App. 279, 194 S.E. 2d 55 (1973). The findings made by the

trial judge are supported by plenary competent evidence in the record. This assignment of error is overruled.

Defendant's trial in the Superior Court was free from prejudicial error.

No error.

Judges BROCK and VAUGHN concur.