STATE OF NORTH CAROLINA v. HAROLD ROGER POLLOCK

No. 743SC340

(Filed 3 July 1974)

1. **Criminal Law § 75— arrest for drunken driving — in-custody interrogations — applicability of Miranda rules**

    Where defendant was placed under arrest for drunken driving and was transported to the police station in a police car, interrogation of defendant at the police station constituted an in-custody interrogation requiring compliance with the *Miranda* decision.

2. **Criminal Law § 75— Miranda rules — applicability to motor vehicle violation**

    The *Miranda* requirements are not inapplicable to all motor vehicle violations.

3. **Criminal Law § 76— incriminating statements — necessity for voir dire**

    Where defendant in a drunken driving case entered a general objection to the admission of incriminating statements made by him during in-custody interrogation, the trial court erred in failing to conduct a *voir dire* to ascertain whether defendant had been given the *Miranda* warnings and whether the statements were voluntarily and understandingly made after defendant knowingly and intelligently waived his rights.

APPEAL by defendant from *Bailey, Judge,* 3 December 1973, Session of Superior Court held in CARTERET County. Heard in the Court of Appeals 9 April 1974.

This is a criminal action wherein the defendant, Harold Roger Pollock, was charged in a warrant, proper in form, with operating a motor vehicle on a public street or highway while under the influence of intoxicating liquor. The defendant was originally tried in the District Court of Carteret County upon a plea of not guilty and was found guilty of driving under the influence, first offense. The defendant appealed to the Superior Court where at trial the State offered evidence tending to show the following.

On 25 August 1973, at 12:30 a.m., C. R. Askew, a highway patrolman, observed the defendant driving a 1968 Plymouth car on old highway 70 and traveling in an easterly direction. Officer Askew followed the defendant for a brief period of time. While following him, he observed the defendant weave across the center line on three separate occasions. As the defendant turned

into his driveway, the officer turned on his blue light and siren. Upon approaching the vehicle the patrolman observed that defendant had the odor of alcohol about him; that his eyes were red and glassy; that his face was flushed; and, that he was unsteady on his feet. While defendant was searching for his registration card, the defendant's brother arrived in his truck and started giving the patrolman "a hard time". The patrolman then radioed the Newport Police Department for assistance and upon arrival of another police officer, the defendant and his brother were placed under arrest. At the police station the defendant was asked to perform certain tests including a balance test, a walking test, and a finger-to-nose test. In the first two tests the defendant swayed noticeably, while in the finger-to-nose test, the defendant failed to touch his nose. Defendant was also asked several questions and was administered the breathalyzer test. The results of the breathalyzer test were .11 by weight of alcohol in the person's blood.

The defendant, testifying in his own behalf, admitted drinking several beers; however, he stated that he did not have anything to drink after leaving the Moose Lodge at 9 or 10 p.m.

The jury found the defendant guilty and from a judgment imposing a fifteen (15) days' sentence in the common jail of Carteret County, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney John R. Morgan for the State.*

*Wheatly & Mason, P.A., by L. Patten Mason for defendant appellant.*

HEDRICK, Judge.

[1] Defendant asserts that the trial court committed error by allowing the patrolman to testify, over defendant's objection, as to incriminating statements made by defendant following his arrest without first conducting a voir dire to ascertain (1) whether these inculpatory remarks were made after the so-called "Miranda Warnings" were given, and (2) whether the Statements were voluntarily and understandingly made after defendant knowingly and intelligently waived his rights. The

incriminating statements by defendant were in response to a series of questions asked by the patrolman and are as follows:

"Q. State whether or not you asked the defendant if he had had anything to drink.

Objection.

Court: Overruled.

DEFENDANT'S EXCEPTION NO. 2

A. Yes, sir, I did.

Q. What, if anything, did he tell you?

Objection.

Court: Overruled.

DEFENDANT'S EXCEPTION NO. 3

A. He said, 'Beer'.

Q. State whether or not you asked him how much.

Objection.

Court: Overruled.

DEFENDANT'S EXCEPTION NO. 4

A. Yes, sir, I did.

Q. What did he tell you?

A. 8 cans.

Move to Strike.

Court: Denied.

DEFENDANT'S EXCEPTION NO. 5

Q. State whether or not you asked him where he had drunk the beer.

Objection.

Court: Overruled.

DEFENDANT'S EXCEPTION NO. 6

A. Yes, sir, I did.

Q. What, if anything, did he tell you?

A. He said, 'Newport'.

Q. State whether or not you asked him when he started drinking the beer.

Objection.

Court: Overruled.

DEFENDANT'S EXCEPTION NO. 7

A. Yes, sir, I did.

Q. What did he tell you?

A. He said, 'Five o'clock'.

Q. State whether or not you asked him when he had stopped drinking the beer.

Objection.

Court: Overruled.

DEFENDANT'S EXCEPTION NO. 8

A. Yes, sir, I did.

Q. What did he tell you?

A. He said, 'When you caught me'.

Q. After you had asked him these questions, Officer Askew, state whether or not you asked the defendant whether or not he was under the influence of an intoxicating beverage.

Objection.

Court: Overruled.

DEFENDANT'S EXCEPTION NO. 9

A. Yes, sir, I did.

Q. What did he tell you?

A. He said, 'I guess I am'.

DEFENDANT'S EXCEPTION NO. 10"

While defendant contends that these statements were in effect a confession and that they were the product of a custodial interrogation and that a voir dire should have been conducted, the State submits that the questions asked by the patrolman were merely incidental to a general investigation and not in custody interrogation requiring compliance with *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966). Furthermore, the State, citing *State v. Tyndall,* 18 N.C. App. 669, 197 S.E. 2d 598 (1973) and *State v. Beasley,* 10 N.C. App. 663, 179 S.E. 2d 820 (1971), maintains that the Miranda warnings are not applicable in a motor vehicle case, and that thus, there was no need to conduct a *voir dire* to determine if such warnings were given.

The United States Supreme Court, in the Miranda decision defined a custodial interrogation as one "initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action." Although we are cognizant of the investigatory stage exception carved out in Miranda, we are unable, in light of the factual context of this case, to understand how the State can argue that the statements elicited from defendant were not made during an in custody interrogation. The facts clearly reveal that defendant was arrested at the site where he had first been stopped; was transported to the Newport Police Station in a police car, *and was then* asked the questions which are the focal point of this assignment of error. Such circumstances dictate the conclusion that the defendant was in custody, under arrest, and deprived of his freedom in a significant way, and that the defendant was entitled to the Miranda warnings.

[2] Next, we must consider the State's contention that the Miranda warnings are inapplicable to motor vehicle violations. The main support for this argument is found in dictum which appears in *State v. Beasley,* 10 N.C. App. 663, 179 S.E. 2d 820 (1971). *Beasley* quoted with approval a New Jersey decision, *State v. Macuk,* 57 N.J. 1, 268 A. 2d 1 (1970), wherein the New Jersey court said: "[W]e are of the opinion that, in view of the absence of any indication to the contrary by the United States Supreme Court, the rules of *Miranda* should be held inapplicable to all motor vehicle violations."

State v. Pollock

In a recent decision of our Supreme Court, *State v. Sykes,* filed 10 April 1974, Justice Huskins, writing for the court made the following germane comment:

> "We observe in passing that *State v. Beasley* [*supra*] and *State v. Tyndall* [*supra*], should not be interpreted to hold that the rules of *Miranda* are inapplicable to *all* motor vehicle violations. We said in *State v. Hill,* 277 N.C. 547, 178 S.E. 2d 462 (1971): 'One who is detained by police officers under a charge of driving under the influence of an intoxicant has the same *constitutional* and statutory rights as any other accused'. (Emphasis added.) We adhere to this view." *State v. Sykes,* 285 N.C. 202, 203 S.E. 2d 849 (1974).

[3] Any extra-judicial statement of an accused is a confession if it admits defendant's guilt as to one of the vital parts of the offense charged. *State v. Williford,* 275 N.C. 575, 169 S.E. 2d 851 (1969) ; *State v. Hamer,* 240 N.C. 85, 81 S.E. 2d 193 (1954). In the case now before us, there can be no question but that the answers given by defendant to the police officer's questions qualify as a confession. From the earliest days of our judicial system, the North Carolina courts have recognized that an extra-judicial confession is admissible against a defendant when, and only when, it was, in fact, voluntarily and understandingly made. *State v. Roberts,* 12 N.C. 259 (1827). This proposition has been reaffirmed in more recent times. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966), cert. denied 386 U.S. 911 (1967) ; *State v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572 (1951) ; *State v. Moore,* 210 N.C. 686, 188 S.E. 421 (1936). The accepted procedure for determination of whether the confession was voluntarily and understandingly made is to conduct a voir dire in the absence of the jury. *State v. McRae,* 276 N.C. 308, 172 S.E. 2d 37 (1970) ; *State v. Gray, supra.* Moreover, a general objection is sufficient to challenge the admission of a proffered confession if timely made, and upon such objection, the trial judge should dismiss the jury and conduct a voir dire hearing. *State v. Haynes,* 276 N.C. 150, 171 S.E. 2d 435 (1969). Thus, upon defendant's entering a general objection, the trial court was in error in not conducting a voir dire to determine if defendant had been given his Miranda warnings, and had voluntarily and understandingly made the incriminating statements only after freely and knowingly waiving his rights.

Defendant has other assignments of error which we do not discuss as they are not likely to recur on a new trial.

We are of the opinion and so hold that the defendant is entitled to a new trial.

New trial.

Judges BRITT and CARSON concur.