STATE OF NORTH CAROLINA v. JAMES KENLEY OXENDINE

No. 7416SC822

(Filed 15 January 1975)

**1. Criminal Law § 75— statements made by intoxicated defendant — voluntariness**

There was competent evidence to support the trial court's finding that statements made by defendant to an officer after he had been taken into custody were voluntary, and the mere fact of defendant's intoxication did not render inadmissible his statements which tended to incriminate him.

**2. Homicide § 24— second degree murder — instructions on burden of proof**

The trial court in a second degree murder prosecution properly instructed the jury that "upon proof beyond a reasonable doubt of intentional killing with a deadly weapon," the defendant had the burdent of satisfying the jury "not beyond a reasonable doubt nor by the greater weight of the evidence, but simply satisfying the jury of facts and circumstances or provocation which will remove the element of malice, that is, rebut it, and reduce the crime to manslaughter."

APPEAL by defendant from *Hall, Judge,* 3 June 1974 Criminal Session of Superior Court held in ROBESON County. Heard in the Court of Appeals on 11 December 1974.

Defendant was charged in a bill of indictment, proper in form, with the murder of Kenley Oxendine. At the call of the case for trial, the district attorney announced the State would accept a verdict no greater than murder in the second degree. The defendant pleaded not guilty.

The State's evidence tended to show that the deceased was at home with other members of his family when the defendant entered the house with a pistol in his belt. The deceased and defendant were both under the influence of alcoholic beverages. The deceased and defendant had some words. Defendant pushed the deceased to the floor and fired one shot away from the deceased. A struggle ensued between the two, and everyone else left the room. Two more shots were fired, and two or three minutes later defendant was seen in the room with a pistol in his hand approximately ten feet from the body of the deceased. Defendant remained in the room and went to sleep on a couch where he was later handcuffed by the arresting officer. He was taken immediately to the officer's car, advised of the charge against him, and advised of his constitutional rights. Defendant

made no response to questions asked by the officer. On the way to jail defendant made several spontaneous statements that, "he was glad he killed the son of a bitch."

Defendant offered no evidence.

The jury returned a verdict of murder in the second degree, and the court adjudged that defendant be imprisoned for a term of not less than seventeen years nor more than twenty years with credit of 109 days confinement pending trial.

Defendant appealed, assigning errors.

*Attorney General Edmisten, by Associate Attorney Raymond L. Yasser, for the State.*

*McLean, Stacy, Henry & McLean, by H. E. Stacy, Jr., for defendant appellant.*

MARTIN, Judge.

[1] Defendant's first assignment of error is that the court erred in overruling defendant's objection to the testimony of Officer Luther Sanderson as to statements made to him by defendant after defendant had been taken into custody. Pursuant to defendant's motion to suppress, the court conducted a voir dire examination to determine the competency of the challenged evidence. The evidence on voir dire tends to show, and the court found:

> " . . . after the defendant had been taken into custody by Officer Luther Sanderson, Deputy Sheriff, and fully advised of his Constitutional Rights, as required by the Miranda Rule, the defendant declined to answer any questions asked by Officer Sanderson; that on the way to the jail the defendant made several spontaneous statements which were not in response to any questions asked by Officer Sanderson. The Court is of the opinion and finds and concludes that the spontaneous statements made by the defendant were freely and voluntarily made and are admissible in evidence. The Court finds that the defendant had been drinking but that he was not drunk and knew and understood what he was doing and saying."

The incriminating statement was thereupon admitted into evidence. It is settled law that the findings of the trial judge when

supported by competent evidence, as here, are binding and con-
clusive in appellate courts in this jurisdiction. *State v. Stepney,*
280 N.C. 306, 185 S.E. 2d 844 (1972). Volunteered statements
are competent evidence, and their admission is not barred under
any theory of the law, state or federal. *State v. Haddock,* 281
N.C. 675, 190 S.E. 2d 208 (1972). No waiver is involved with
respect to voluntary statements. *State v. Haddock, supra.* Nor
does the mere fact of intoxication render inadmissible his state-
ments which tended to incriminate him. " ' . . . [T]he extent
of his intoxication when the confession was made is relevant;
and the weight, if any, to be given a confession under the cir-
cumstances disclosed is exclusively for determination by the
jury.' [Citations.]" *State v. Beasley,* 10 N.C. App. 663, 179 S.E.
2d 820 (1971). The assignment of error addressed to the admis-
sion of defendant's statements is overruled.

**[2]**  Defendant excepts to the following portion of the charge:

> " . . . upon proof beyond a reasonable doubt of intentional
> killing with a deadly weapon, the law then casts upon the
> defendant the burden of satisfying the jury of—not beyond
> a reasonable doubt nor by the greater weight of the evi-
> dence, but simply satisfying the jury of facts and circum-
> stances or provocation which would remove the elements of
> malice, that is, rebut it, and reduce the crime to manslaugh-
> ter."

The defendant contends that the court's instruction "does not
seem to correctly state defendant's burden." He contends that
his burden is to satisfy the jury that the intentional killing with
a deadly weapon was without malice and not to satisfy the jury
of facts and circumstances or· provocation which will remove
the element of malice.

> "When the State satisfies the jury from the evidence beyond
> a reasonable doubt that defendant intentionally shot the de-
> ceased and thereby proximately caused his death, the
> law raises two presumptions against him: First, that the
> killing was unlawful; and, second, that it was done with
> malice; and an unlawful killing with malice is murder in
> the second degree. [Citations.] 'The law then casts upon the
> defendant the burden of showing to the satisfaction of
> the jury, if he can do so—not by the greater weight of the
> evidence nor beyond a reasonable doubt, but simply to the
> satisfaction of the jury—from all the evidence, facts and

circumstances, the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or that will excuse it altogether upon the ground of self-defense . . . . The legal provocation that will rob the crime of malice and thus reduce it to manslaughter, and self-defense, are affirmative pleas, with the burden of satisfaction cast upon the defendant.' [Citation.]" *State v. Barrow,* 276 N.C. 381, 172 S.E. 2d 512 (1970).

Thus, the challenged instruction is supported by the decisions of our Supreme Court and defendant's exception thereto is overruled.

Defendant's remaining assignment of error is without merit and is overruled.

No error.

Judges MORRIS and ARNOLD concur.