STATE OF NORTH CAROLINA v. PRESTON MAYNARD CARLISLE

No. 748SC980

(Filed 5 March 1975)

1. Automobiles § 127— driving under the influence — discrepancies in evidence — motion for nonsuit properly denied

The trial court did not err in denying defendant's motions for nonsuit on the charge of a sixth offense of driving under the influence, though there were contradictions in the testimony of a State's witness, since mere contradictions and discrepancies in the State's evidence are not enough to warrant the granting of a motion for nonsuit.

2. Criminal Law § 92; Indictment and Warrant § 12— warrant on one charge improperly drawn — amendment allowed — consolidation of two charges proper

Defendant's contention that it was improper to consolidate for trial a charge of a sixth offense of driving while intoxicated with a charge of driving while his license was permanently revoked because the warrant for the former was improperly drawn was without merit where the trial court allowed the State to amend the warrant to reflect the correct chronological order of defendant's five prior convictions, and such amendment did not impair any substantial right of defendant.

3. Criminal Law § 74— statements by defendant to trooper — no custodial interrogation — admissibility of statements

The trial court did not err in admitting statements made by defendant to a state trooper who stopped him on the highway since defendant made the statements to the trooper after he had been stopped but before he was placed under arrest, and therefore the statements were not the fruits of an in-custodial interrogation.

APPEAL by defendant from *Wells, Judge*. Judgment entered 22 August 1974 in Superior Court, Lenoir County. Heard in the Court of Appeals 12 February 1975.

Defendant was charged in two warrants with (1) operating a motor vehicle while his license was permanently revoked, and (2) a sixth offense of driving a motor vehicle while under

the influence of intoxicating beverages. He entered a plea of not guilty in district court, but was found guilty and sentence was imposed. Defendant then appealed to the superior court. There his motion for nonsuit on the charge of driving while his license was permanently revoked was allowed, but defendant was found guilty of the sixth offense of driving under the influence of intoxicating beverages. He was sentenced to serve a term of not less than sixteen nor more than twenty-four months.

Two witnesses testified for the State at the trial in superior court. William Perkins, a member of the State Highway Patrol assigned to Lenoir County, observed defendant operating his car on U.S. 70 at approximately 1:45 a.m. on 12 May 1973. Trooper Perkins followed the defendant for some distance. Defendant's car weaved four times from the right side of the road to the centerline, and Perkins stopped it. Defendant stumbled as he got out of his car. His eyes were red and glassy, and he staggered as he walked. He was taken to the Kinston Police Department where coordination tests were administered. Defendant fell during the balance test, hesitated before turning during the walking test, and was unable to touch the forefinger of either hand to his nose. Defendant refused to take a breathalizer test. Both Perkins and the breathalyzer operator, one Geldon Harper, testified that they detected an odor of alcohol about defendant.

Andrew Wallace testified for defendant. He stated that he and defendant had been together on the evening of 11 May 1973, and, as of midnight, the defendant was not under the influence of intoxicating beverages.

*Attorney General Edmisten, by Assistant Attorney General Zoro J. Guice, Jr., for the State.*

*Duke and Brown, by John E. Duke, for defendant-appellant.*

BROCK, Chief Judge.

Defendant has brought forward eighty-four exceptions and five assignments of error for our consideration.

[1] In his first argument defendant asserts that the trial court erred when it denied his motions for nonsuit on the charge of a sixth offense of driving under the influence. In support of his argument defendant cites statements made by Trooper Perkins to the effect that defendant's faculties were not impaired when

State v. Carlisle

he was stopped. Of course, mere contradictions and discrepancies in the State's evidence are not enough to warrant the granting of a motion for nonsuit. The evidence must be considered in the light most favorable to the State in ruling upon the motion. Contradictions and discrepancies are to be resolved by the jury. *See* 2 Strong, N. C. Index 2d, Criminal Law, § 104 (1967). This assignment of error is overruled.

[2]   In his second assignment of error, defendant advances two arguments: that it was error to consolidate the charge of a sixth offense of driving while intoxicated with the charge of driving while his license was permanently revoked because the warrant for the former was improperly drawn, and that it was error to deny the motion to quash the warrant for the former. The warrant for the sixth offense of driving while intoxicated, as it was drawn before defendant's trial in district court, improperly reflected the chronological order of defendant's five prior convictions for that offense. After defendant made a motion to quash the warrant and objected to consolidation, the court allowed the State to amend the warrant to reflect the correct chronological order of the convictions. The crux of defendant's argument is that it was improper to consolidate for trial an offense for which a warrant is improperly drawn with an offense for which a warrant is properly drawn. No authority is cited by defendant for this proposition, and we think it is unsupportable on these facts. In *State v. Thompson,* 2 N.C. App. 508, 512, 163 S.E. 2d 410 (1968), we held that "[a]s a general proposition the superior court, on an appeal from an inferior court upon a conviction of a misdemeanor, has power to allow an amendment to the warrant, provided the charge as amended does not change the offense with which defendant was originally charged." The fact that the warrant charging the offense of driving while intoxicated, sixth offense, was amended to reflect correctly the chronological order of the prior five convictions could not have impaired any substantial right of defendant. Because of the amendment, the offenses which were consolidated were supported by warrants, both of which were properly drawn. We furthermore fail to see how defendant was prejudiced by consolidation of two charges of the same class, "not so separate in time or place and not so distinct in circumstances as to render a consolidation unjust and prejudicial." *State v. Anderson,* 281 N.C. 261, 265, 188 S.E. 2d 336 (1972). This assignment of error is without merit.

By way of his third assignment of error, defendant argues that comments made by the district attorney require the reversal of this case. Exception 73 is, however, the only exception taken to these comments. Although other exceptions in support of this argument are noted, none are taken to things actually said by the district attorney, and we are left only with inferences on which to draw. "Generally, it is not improper for the prosecuting attorney to comment on, and make references from, the conduct of the accused, where the purported facts referred to are supported by competent evidence and the inferences sought to be made are within the bounds of proper argument; such comments may be couched in denunciatory or opprobrious terms appropriate to the evidence adduced." 23A C.J.S. Criminal Law § 1102, *quoted in State v. Westbrook*, 279 N.C. 18, 38, 181 S.E. 2d 572 (1971). In our opinion the comments made by the district attorney were not improper and certainly do not require reversal.

[3]  Defendant has grouped some sixty exceptions to the admission of evidence under his fourth assignment of error. Among these exceptions are those that have been taken to statements made by defendant to Trooper Perkins after he stopped defendant's car. Defendant argues, on the authority of *State v. Lawson*, 285 N.C. 320, 204 S.E. 2d 843 (1974), that these were improperly admitted because they were the fruits of an in-custodial interrogation for which *Miranda* warnings were required but not given. We do not disagree with defendant's reading of *Lawson;* however, we believe that the argument is based on a faulty major premise, i.e., that an in-custodial interrogation took place. In *Lawson* an accused made statements after he had been arrested, advised of his rights, and asked if he understood his rights. Here defendant freely made statements to Perkins after he had been stopped but before he was placed under arrest. Although there is admittedly a fine distinction between an in-custodial interrogation and an on-the-scene investigation,

"[t]he questioning of a driver of a stopped car on an open highway by one policeman, without more, cannot be characterized as a 'police dominated' situation or as 'incommunicado' in nature. * * * This general on the scene questioning is a well accepted police practice; it is difficult to imagine the police warning every person they encounter of his *Miranda* rights. This is why the opinion in *Miranda* expressly excluded 'on-the-scene questioning' from the warn-

ing requirements." *Lowe v. United States,* 407 F. 2d 1391 (9th Cir. 1969), *quoted in State v. Sykes,* 285 N.C. 202, 206, 203 S.E. 2d 849 (1974). *Cf. State v. Beasley,* 10 N.C. App. 663, 179 S.E. 2d 820 (1971); *State v. Tyndall,* 18 N.C. App. 669, 197 S.E. 2d 598 (1973).

We do not agree, therefore, with the defendant that the statements made to Perkins were the fruits of an in-custodial interrogation. As to the other exceptions taken to the admission of certain evidence, we find no error harmful to defendant.

This leaves for our resolution defendant's final argument that the trial court erred in instructing the jury. Suffice to say, we have reviewed the charge and find no error prejudicial to defendant. In our opinion he had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and MARTIN concur.