STATE OF NORTH CAROLINA v. BARBARA BLACKMAN GWALTNEY

No. 7611SC419

(Filed 20 October 1976)

1. **Criminal Law § 75— questioning prior to Miranda warnings — admissibility of evidence**

   In a prosecution for driving under the influence of intoxicating liquor, the trial court properly determined that the failure of the officer who was investigating the accident in which defendant was involved to advise defendant of her Miranda rights before questioning her at the hospital did not render her admission that she was driving the automobile inadmissible, since defendant was not under arrest at the time the questions were asked, and the questions were investigatory and not accusatory in nature.

2. **Arrest and Bail § 3— warrantless arrest — no offense in officer's presence — constitutionality**

   Even if defendant's warrantless arrest was illegal by virtue of the fact that she committed no felony or misdemeanor in the presence of the arresting officer, the officer had probable cause to arrest defendant, and the arrest was therefore constitutionally valid and would not warrant dismissal of the charges against defendant.

APPEAL by defendant from *Walker, Judge.* Judgment entered 16 December 1975 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 22 September 1976.

Defendant was charged in a warrant with the offense of operating a motor vehicle on a highway while under the influence of intoxicating liquor. From a conviction in district court, defendant appealed to the superior court, where she was tried *de novo* upon the original warrant.

Evidence for the State tended to show the following: At approximately 9 :00 p.m. on 13 June 1975, defendant was driving her 1972 Cadillac on Highway 222 near Kenly. She lost

control of her automobile on a curve, ran into the ditch, and overturned. She was carried to Wilson Memorial Hospital by the Kenly Rescue Squad. Trooper Bullock of the North Carolina Highway Patrol arrived at the accident scene after defendant had been transported to the hospital. He completed his on-the-scene investigation and drove to the hospital, where he found defendant outside the emergency room awaiting treatment. Trooper Bullock advised defendant that he was investigating the accident and requested her driver's license and registration card. He inquired as to how the accident occurred, and defendant told him she was driving west on Highway 222 trying to elude a vehicle that had been following her. She stated that she lost control of her automobile on a curve, ran into the ditch, and overturned. As the trooper completed filling out the accident report, defendant was taken into the emergency room for examination and treatment. She remained in the emergency room twenty to twenty-five minutes.

While Trooper Bullock was obtaining the information for his accident report, he noticed that defendant's eyes were glassy, that she was unsteady on her feet, and that she had the odor of some alcoholic beverage on her breath. He formed the opinion that defendant was under the influence of intoxicating liquor. When defendant was released from the emergency room, the trooper advised her that she was under arrest for driving while under the influence and asked her to accompany him to the police station in Smithfield. The trooper did not question defendant further until after they arrived at the police station. At the police station Trooper Bullock advised defendant of her *Miranda* rights. Thereafter defendant told the trooper that she had been drinking vodka before the accident but had consumed no alcohol since the accident. Defendant agreed to a breath-alyzer test, which resulted in a reading of 0.24.

Defendant offered no evidence.

*Attorney General Edmisten, by Special Deputy Attorney General John M. Silverstein, for the State.*

*Barnes, Braswell & Haithcock, by Michael A. Ellis, for the defendant.*

BROCK, Chief Judge.

[1] Defendant argues that the failure of the investigating officer to advise defendant of her *Miranda* rights before question-

ing her at the hospital renders her admission that she was driving the automobile inadmissible and that since this was the only evidence of who was driving, the arrest of defendant was unconstitutional.

The findings by the trial court on *voir dire* accurately sum up the situation:

" . . . that the defendant had not been placed under arrest at the time of the preliminary questioning by Officer Bullock nor was she in custody of the said officer and . . . the questions related primarily to ownership and operation of the automobile involved and the facts leading up to the wreck. . . . "

Such questioning is necessary for the purpose of preparing the official accident report which is required to be filed. They are investigatory and not accusatory. The *Miranda* warnings and waiver of counsel are only required when a defendant is being subjected to custodial interrogation. *State v. Blackmon,* 284 N.C. 1, 199 S.E. 2d 431 (1973). *See also State v. Sykes,* 285 N.C. 202, 203 S.E. 2d 849 (1974). This argument is without merit.

[2] Defendant next argues that either her motions for nonsuit or her motion to set aside the verdict should have been allowed because her arrest was illegal under G.S. 15-41(1), which statute was in effect on the date of her arrest. General Statute 15-41(1) (repealed effective 1 July 1975) provided that a peace officer may arrest without a warrant "[w]hen the person to be arrested has committed a felony or misdemeanor in the presence of the officer, or when the officer has reasonable ground to believe that the person to be arrested has committed a felony or misdemeanor in his presence." Defendant argues that the statutory requirements were not met in this case. The reasoning in *State v. Eubanks,* 283 N.C. 556, 196 S.E. 2d 706 (1973), is applicable to this case. Clearly, Trooper Bullock had probable cause to arrest defendant, and the arrest was therefore constitutionally valid. "When an arrest is constitutionally valid but illegal under the law of North Carolina, must the facts discovered or the evidence obtained as a result of the arrest be excluded as evidence in the trial of the action? The answer is no. An unlawful arrest may not be equated, as defendant seeks to do, to an unlawful search and seizure. . . . " *State v. Eubanks, supra,* p. 560. A dismissal of charges because of an arrest

Mortgage Corp. v. Coble, Sec. of Revenue

illegal under state law, ·but which is constitutionally valid, is likewise unwarranted. This argument is overruled.

Defendant's argument upon the admission of evidence is wholly without merit and is overruled.

No error.

Judges VAUGHN and MARTIN concur.