REGINALD G. STALLS v. J. M. PENNY, ACTING COMMISSIONER OF MOTOR VEHICLES

No. 824SC400

(Filed 7 June 1983)

Automobiles and Other Vehicles § 126.5 — statement given at scene of accident — Miranda warnings unnecessary

The *Miranda* rule did not apply to a statement made by petitioner at the scene of an accident since the investigating officer merely arrived at the scene of the accident and inquired as to "What happened?" That the officer may have suspected that petitioner had driven the car and even that he was under the influence of some intoxicant makes no difference. G.S. 20-16.2; G.S. 20-26, and G.S. 20-166.1.

APPEAL by respondent from *Lane, Judge.* Order entered 20 January 1982 in Superior Court, JONES County. Heard in the Court of Appeals 17 February 1983.

Shortly after midnight, while patrolling Highway #58 in the Town of Maysville, a police officer saw the petitioner standing alone near a car that was in a roadside ditch with its motor still running. The officer stopped, cut on his blue light, and asked what had happened. Petitioner replied that a truck had run him off the road, but the driver thereafter stopped and had gone to get help. The officer, after observing that petitioner was unsteady on his feet and detecting a strong odor of alcohol on his breath, arrested him for driving under the influence, and at that time read petitoner his *Miranda* warnings.

Petitioner was then taken to the courthouse and asked to submit to a breathalyzer test, but refused to do so. Sometime later, upon receiving an order from the respondent Commissioner suspending his driving privileges pursuant to G.S. 20-16.2, petitioner requested and was granted an administrative hearing, after which the suspension order was affirmed. Then, under the provisions of G.S. 20-16.2 and G.S. 20-26, petitioner filed this special proceeding and after the de novo hearing so obtained, the Superior Court judge entered an order reversing the suspension order and restraining respondent from enforcing it. Respondent Commissioner appealed.

*Brock, Foy & Proctor, by Jimmie C. Proctor, for petitioner appellee.*

*Attorney General Edmisten, by Associate Attorney Jane P. Gray, for respondent appellant.*

PHILLIPS, Judge.

In reversing the order suspending petitioner's driving privileges, the trial judge concluded that petitioner's arrest was unconstitutional for the reason that his statement that he was driving the car was elicited by the officer before he was advised of his *Miranda* rights. The propriety of this conclusion is the decisive question presented by this appeal. Before addressing it, a recital of some of the legal principles that apply to accident investigations by police officers is in order.

"One who is detained by police officers under a charge of driving while under the influence of an intoxicant has the same constitutional and statutory rights as any other accused." *State v. Hill,* 277 N.C. 547, 553, 178 S.E. 2d 462, 466 (1971). Such rights include the right to be given *Miranda* warnings before being submitted to custodial interrogation. *See generally, Church v. Powell, Comr. of Motor Vehicles,* 40 N.C. App. 254, 252 S.E. 2d 229 (1979). However, *Miranda* warnings are not required when a suspect is not in custody, or otherwise deprived of his freedom of action in any significant way. *State v. Parker,* 59 N.C. App. 600, 297 S.E. 2d 766 (1982); *State v. Sykes,* 285 N.C. 202, 203 S.E. 2d 849 (1974). Nor are *Miranda* warnings required when a mere investigation is being conducted. *State v. Clay,* 297 N.C. 555, 256 S.E. 2d 176 (1979); *State v. Sykes, supra.* "The questioning of a driver of a stopped car on an open highway by one policeman, without more, cannot be characterized as a 'police dominated' situation or as 'incummunicado' in nature. . . ." *State v. Carlisle,* 25 N.C. App. 23, 26, 212 S.E. 2d 217, 220 (1975), *quoting Lowe v. United States,* 407 F. 2d 1391, 1394 (9th Cir. 1969). And that the interrogation is not conducted at the accident scene but elsewhere later makes no difference. *State v. Gwaltney,* 31 N.C. App. 240, 228 S.E. 2d 764, *appeal dismissed,* 291 N.C. 449, 230 S.E. 2d 767 (1976). In *Gwaltney* the defendant lost control of her car, which ran into a ditch and overturned, and the police officer, after completing the accident scene investigation, went to the hospital

where defendant, who he had not seen, was awaiting treatment. Upon inquiring about the accident, she admitted driving her automobile and gave her version of the occurrence. After she was released from the hospital, she was charged with operating under the influence. In holding that her incriminating statement was properly received, notwithstanding that no *Miranda* warning preceded it, the Court pointed out that the questioning was investigatory, rather than accusatory.

However, as *State v. Lawson,* 285 N.C. 320, 204 S.E. 2d 843 (1974) shows, all interrogations at the accident scene are not immune to the *Miranda* rule. In that case the patrolman arrested the defendant for public drunkenness at the wreck scene, placed him in a patrol car, and warned him of his *Miranda* rights before obtaining an admission that he was the driver of the car. Since the defendant, highly intoxicated and in custody, made no response to the warning, however, it was held that an intelligent waiver of his rights had not been shown and that the statement could not be used against him.

Applying these principles to the record before us, it is plain that the petitioner's constitutional rights were not violated and that the trial court's ruling to the contrary is without foundation. When the officer approached the petitioner and asked him what happened, the petitioner was, at most, a mere suspect in a traffic case and possibly just an uninformed, uninvolved onlooker, standing by a wrecked car. On the other hand, the officer was just beginning to investigate an accident, about which he knew only that there had been one and that petitioner was there at the scene; he did not know who was in the car when it wrecked or how many; whether he, she or they had been hurt and were still in the car obscured from view, or thrown from it; whether another vehicle was involved, and, if so, what had happened to it. In short, the officer had accused no one of anything and knew virtually nothing about an accident that it was his statutory duty to investigate and report on. G.S. 20-166.1.

In beginning the investigation, as he did, with the sensibly appropriate inquiry "What happened?" the officer impinged upon no right of the petitioner of any kind. No one at an accident scene has a legal or constitutional right not to be asked what happened by an investigating officer. In concluding otherwise, the Superior

Court judge misperceived the purpose and scope of the Constitution and the *Miranda* rule. The right, in situations of this kind, that *Miranda* and the Constitution protects is the right that those accused of crime have not to be intimidated by the police, when under their thumb and sway. The main purpose of the *Miranda* rule, on the other hand, is to prevent the police from imposing their will upon and swaying those accused of crime who are under their dominion and control. The *Miranda* rule is not concerned with the routine, investigative questioning of people at the scene of a motor vehicle accident.

That the officer may have suspected that petitioner had driven the car and even that he was under the influence of some intoxicant makes no difference. Any suspicion that he then had was without any evidentiary basis whatever to support it. If officers in such situations were required by the law to proceed as though their suspicions had been verified, and thus treat mere suspects as if they had been accused of violating the law, it would be destructive, rather than protective, of personal rights and the public good. Though the law must be ever alert in protecting personal rights, it must do so with some regard for the rights, activities and concerns of others and society as a whole. Accidents involving damage and injury to property or persons, and possible violations of the law, must be investigated. The investigation conducted here, voluntarily cooperated in by the petitioner, violated no right of the petitioner, constitutional or otherwise.

We, therefore, reverse the Superior Court order appealed from and direct that the respondent's suspension order be reinstated.

Reversed and remanded.

Judges ARNOLD and BECTON concur.