STATE OF NORTH CAROLINA v. JOHN ALBERT SEAGLE

No. 8818SC1398

(Filed 21 November 1989)

1. **Criminal Law § 188 (NCI4th) — driving while impaired — statements to officers — motion to suppress — State precluded from arguing motion untimely or improper**

In a prosecution for driving while impaired in which defendant's oral motion to suppress statements made prior to his arrest was denied, the State was precluded from arguing on appeal that defendant's motion was untimely or improper where the State neither objected nor excepted to defendant's oral motion to suppress. N.C. Rules of App. Procedure, Rule 10.

**Am Jur 2d, Criminal Law § 785.**

2. **Criminal Law § 75.7 (NCI3d) — driving while impaired — statements to officers — non-custodial interrogation — Miranda warning not required**

A trial court order suppressing statements made to officers prior to defendant's arrest for driving while impaired was erroneous where defendant was detained for only a few minutes on a public thoroughfare, and there were never more than three officers present; the only questions asked were directed to ascertaining the identity of the driver of a wrecked automobile, information necessary for the officer to complete an accident investigation report; and, at that time, there was no crime investigation under way, no suspects, and no interrogation.

**Am Jur 2d, Criminal Law §§ 794, 938.**

APPEAL by the State from order of *Judge James A. Beaty, Jr.*, entered 12 September 1988 in GUILFORD County Superior Court. Heard in the Court of Appeals 29 August 1989.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State, appellant.*

*Michael A. Schlosser and Associates, by Charles E. Neill, III, for defendant, appellee.*

STATE v. SEAGLE

[96 N.C. App. 318 (1989)]

COZORT, Judge.

On 25 October 1987, at approximately 1:00 a.m., Officer Joe Smith of the Greensboro Police was called to the scene of a traffic accident on Summit Avenue in Greensboro. Smith found an automobile in a ditch on the side of the road with fresh blood and dirt in the interior. There were no persons present at the scene when Smith arrived. He radioed in the registration plate number of the vehicle and learned that it was registered to Albert Dale Seagle.

Officer Frank Young was patrolling near the scene of the accident and overheard Officer Smith's radio transmission. Young observed two white males walking along the roadside on Summit, and he stopped and asked the two men what happened. Officer Young testified at the suppression hearing that the two men appeared to have red dirt all over them.

When asked what happened, both men responded that they had been in an accident. Officer Young asked for their driver's licenses and radioed Officer Smith to advise him of what had occurred. Defendant had blood on his shirt and one of his arms, and Officer Young asked defendant if he needed medical assistance, which he declined.

Approximately ten or fifteen minutes later, Officer Smith, accompanied by Officer Johnson, arrived at the place where Young and the two men were. Officer Smith questioned the men and asked why they had left the scene of the accident. Defendant stated that he had gone to a convenience store to call his parents. Smith also asked the two men who had been driving, and defendant replied that it was he.

As Officer Smith was questioning defendant, Smith detected the odor of alcohol about defendant. Smith requested defendant to perform a few sobriety tests, and after defendant complied he was arrested for driving while impaired.

Defendant was taken to the Greensboro Police Station where he submitted to a chemical analysis of his blood. It was not until this time that defendant was advised of his *Miranda* rights.

Defendant pled not guilty when he was tried in district court, but he was found guilty. He then appealed to the superior court for a trial *de novo*. At the outset of his trial, defendant made

an oral motion to suppress any statements made by him prior to his arrest. The trial court conducted a hearing and concluded that these statements should be suppressed.

The State certified to the trial court that the suppressed statements were necessary for the trial of its case and appealed the suppression order.

**[1]** First, the State argues that defendant's oral motion to suppress was not timely or properly filed. The State contends that pursuant to N.C. Gen. Stat. § 15A-976(b), defendant failed to make his motion within ten working days of the district court judgment.

For any exception to be properly preserved for review by this Court, an objection must have been made at the trial court level. *See* Rule 10, N.C. Rules of App. Proc. (effective for all judgments of the trial division entered prior to 1 July 1989). Furthermore, our Supreme Court has stated that "[t]he jurisdiction of the Supreme Court [and likewise this Court] on appeal is limited to questions of law or legal inference, which, ordinarily, must be presented by objections duly entered and exceptions duly taken to the rulings of the lower court." *State v. Hedrick*, 289 N.C. 232, 234, 221 S.E.2d 350, 352 (1976) (quoting *Gasque v. State*, 271 N.C. 323, 339, 156 S.E.2d 740, 751 (1967), *cert. denied*, 390 U.S. 1030, 20 L. Ed. 2d 288, 88 S.Ct. 1423 (1968)).

The State neither objected nor excepted to defendant's oral motion to suppress. Instead, the district attorney stated that he was prepared to go forward with a hearing so that he could show why the statements made by defendant were admissible. Such objection and exception was not deemed to have been made by operation of law, and the State is precluded from arguing on appeal that defendant's motion was untimely or improper. *See* Rule 10, N.C. Rules of App. Proc. (effective for all judgments of the trial division entered prior to 1 July 1989).

**[2]** Second, the State argues that the questionings by Officers Smith and Young were noncustodial interrogations and a *Miranda* warning was not required. In holding that the admission by the defendant (that he was the driver of the car) should be suppressed, the trial court stated:

Based upon these findings, the Court concludes, as a matter of law, that the defendant was in custody to the extent that he had his license taken from him and the Court finally con-

cludes as a matter of law, that the person or a person, a reasonable person, in the defendant's position, would not, or would have believed that he was in custody and deprived of his freedom of action. I'll allow the Motion to Suppress any statements made by the defendant to the officers on-the-scene.

The trial court's findings of fact and conclusions of law are entitled to great deference on appeal. Nonetheless, a trial court's legal conclusion on whether a statement should be suppressed is reviewable on appeal. *See, e.g., State v. Allen,* 90 N.C. App. 15, 367 S.E.2d 684 (1988); and *State v. Johnson,* 317 N.C. 343, 346 S.E.2d 596 (1986). We find the facts below lead to the legal conclusion that the defendant was not being interrogated; rather, the officer asked the minimal questions required to complete his accident investigation report. The defendant was not "in custody" for the purpose of giving the *Miranda* warnings.

The proper standard for determining custody in cases where persons are stopped for traffic offenses is set out in *Berkemer v. McCarty,* 468 U.S. 420, 82 L. Ed. 2d 317, 104 S.Ct. 3138 (1984). Concerning the standard and whether there was custody, the Supreme Court stated that "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Id.* at 442, 82 L. Ed. 2d at 336, 104 S.Ct. at 3141.

The facts in *Berkemer* are similar to this case. In *Berkemer,* the defendant was observed by an Ohio State Trooper weaving in and out of a lane of traffic. The trooper followed defendant for a couple of miles and then stopped him. The defendant had difficulty standing and was asked by the trooper to perform a field sobriety test. The defendant was unable to complete the test successfully. The trooper asked defendant whether he had been using intoxicants, and he replied that he had consumed two beers and had smoked several joints of marijuana. Defendant was then arrested and at trial sought to exclude those statements.

The Supreme Court held that a *Miranda* warning was not required prior to the defendant's arrest in *Berkemer. Id.,* 82 L. Ed. 2d at 336, 104 S.Ct. at 3141. The Court reasoned that there are several factors which mitigate the danger that a person questioned incident to a traffic stop will be induced to speak when he would not otherwise do so. A traffic stop is temporary and brief, and a detainee's expectations are that he will ultimately be free to proceed, albeit with a possible citation. Also, the Court

pointed out that a detainee does not feel that he is at the mercy of the police. Both the detainee and the policeman are stopped by the roadside, in public view, with passersby on foot and in automobiles. The Court also determined that a detained motorist is normally confronted by only one or, at the most, two policemen, and that fact mutes the sense of vulnerability. *Id.* at 437-38, 82 L. Ed. 2d at 333-34, 104 S.Ct. at 3149.

In the case below, defendant was detained for only a few minutes, on a public thoroughfare, and there were never more than three officers present. The only questions asked were directed to ascertaining the identity of the driver of a wrecked automobile, information necessary for the officer to complete the accident investigation report. At that time, there was no crime investigation underway, no suspects, and no interrogation. We find *Berkemer* controlling and the trial court's conclusion to the contrary erroneous.

Our finding of no custodial interrogation is consistent with prior decisions handed down by this Court. In *State v. Gwaltney*, 31 N.C. App. 240, 228 S.E.2d 764, *disc. rev. denied*, 291 N.C. 449, 230 S.E.2d 767 (1976), the defendant was transported to the hospital after being involved in an accident. A police officer traveled to the hospital and asked the defendant several questions while she was outside the emergency room awaiting treatment. While asking the questions, the officer formed the opinion that the defendant was under the influence of intoxicating liquor. When defendant was released from the emergency room, she was placed under arrest and was taken to the police station. At the police station, she was advised of her *Miranda* rights. The defendant moved to suppress the responses to the questions directed to her at the hospital emergency room. In affirming the trial court's denial of the motion to suppress, this Court, in an opinion by Chief Judge Brock, stated:

> Such questioning is necessary for the purpose of preparing the official accident report which is required to be filed. They are investigatory and not accusatory. The *Miranda* warnings and waiver of counsel are only required when a defendant is being subjected to custodial interrogation.

*Id.* at 242, 228 S.E.2d at 765.

In *Stalls v. Penny*, 62 N.C. App. 511, 302 S.E.2d 912 (1983), a police officer saw the petitioner standing alone near a car which

STATE v. SEAGLE

[96 N.C. App. 318 (1989)]

was in a roadside ditch. The officer stopped and asked the petitioner what had happened. The petitioner replied that a truck had run him off the road. After observing that petitioner was unsteady on his feet and detecting a strong odor of alcohol on his breath, the officer arrested the petitioner for driving under the influence and read petitioner his *Miranda* warnings. The trial court found that petitioner's arrest was unconstitutional because his statement that he was driving the car was elicited by the officer before he was advised of his *Miranda* rights. In reversing the trial court, this Court held:

> The main purpose of the *Miranda* rule . . . is to prevent the police from imposing their will upon and swaying those accused of crime who are under their dominion and control. The *Miranda* rule is not concerned with the routine, investigative questioning of people at the scene of a motor vehicle accident.
>
> That the officer may have suspected that petitioner had driven the car and even that he was under the influence of some intoxicant makes no difference. . . . Accidents involving damage and injury to property or persons, and possible violations of the law, must be investigated. The investigation conducted here, voluntarily cooperated in by the petitioner, violated no right of the petitioner, constitutional or otherwise.

*Id.* at 514, 302 S.E.2d at 914.

The trial court's order is reversed and the case is remanded for trial.

Reversed and remanded.

Judges ARNOLD and BECTON concur.